## GEORGE B. JOHNSON

*v.*

## HENRY W. LEMAN *et al.*

*Filed at Ottawa January 21, 1890.*

131  609
137   98
131  609
40a 230

131  609
56a 213
56a 215
58a 295
131  609
67a 226

131  609
178  425
131    609
92a ²593
f92a ¹594

1.  TRUSTS—*lien upon trust estate—for expenses of administration.* As a general rule, the expenses of administering a trust are a lien, in favor of the trustee, on the estate in his hands, and he will not be compelled to part with his control of such estate until such expenses are paid.  But this, unless it may be in exceptional cases, does not extend to persons employed by the trustee.

2.  So a person employed by a trustee to render services useful to the trust estate, without the order of the court, when the trustee does not profess or undertake to create any lien on the estate, and he is not insolvent, and does not stipulate against his personal liability, can not proceed against the trust estate in equity, to recover compensation for his services.  In such case, he must look to the trustee, or to his estate in case of his death, and not to the successor of the trustee employing him, or to the trust estate.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. PECKHAM & BROWN, and Messrs. TENNEY, BASHFORD & TENNEY, for the appellant:

As to the right of appellant to reach the trust estate, and subject the estate to the payment of his services rendered for the estate at the request of the trustee, see *Worrall* v. *Harford*, 8 Ves. 4; *Frazier* v. *Brownell*, 3 Ired. Eq. 237; *Noyes* v. *Blakeman*, 6 N. Y. 567; *New* v. *Nicholl*, 73 id. 127; *Dyett* v. *Coal Co.* 7 Paige, 1; *Greene* v. *Grimshaw*, 11 Ill. 389; *Kirkpatrick* v. *McDonald*, 11 Pa. St. 387; 1 Pomeroy's Eq. Jur. sec. 180.

Mr. WILLIAM C. WILSON, and Mr. DAVID L. ZOOK, for the appellees:

The general rule in equity is, that no one can bring a trust fund into chancery who has no interest in or a lien on the

trust fund. A mere agent of the trustee has no interest in or lien on such fund, and can not bring such action. Johnson, at most, was but the agent of Taylor, the alleged trustee, and his right of action, if any, was at law, against said Taylor, and not in equity, against the trust fund. *Worrall* v. *Harford,* 8 Ves. 4; *Jones* v. *Dawson,* 19 Ala. 672.

Purchases made by trustees, executors, administrators and guardians, when made in obedience to the duties of the trust, impose upon them personal liability, and the seller must look to them, and they to the trust, for reimbursement. Tiffany & Bullard on Trusts, (1862,) 583; *Sanford* v. *Howard,* 29 Ala. 684; *Peters* v. *Heydenfeldt,* 3 id. 305; *Simons* v. *Norris & Co.* 5 id. 42; *Johnson* v. *Gaines,* 8 id. 791.

The agent of the trustee is accountable to his principal, only, and not to the *cestui que trust.* 3 Perry on Trusts, 890 7.

Therefore, an agent has no lien upon the trust property. 2 Perry on Trusts, 907; Lewin on Trusts, (7th ed. 1879,) 549; *Worrall* v. *Harford,* 8 Ves. 4; *Heriot's Hospital* v. *Ross,* 12 C. & F. 507; *Francis* v. *Francis,* 5 DeG., M. & G. 108; *In re Sadd,* 34 Beav. 650.

The Appellate Court of Illinois held as follows: "The decisions are uniform, that a guardian, executor, administrator or other person acting *in autre droit* is personally responsible to an attorney employed by him professionally in the execution of his duty, and not the fund under his care." *Barker* v. *Kunkel,* 10 Bradw. 407; *Jones* v. *Dawsen,* 19 Ala. 672; Hill on Trustees, 567; 2 Perry on Trusts, (2d ed.) sec. 907.

Mr. W. T. Burgess, for the appellee Hugh A. White.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellant's case, stated briefly, and in the most favorable view for him warranted by the record, is this: He was employed as a broker by the trustee of the Sherman House property in Chicago to obtain a loan for the benefit of that

trust. The best interests of that trust required that the loan should be obtained, and the trustee promised him that he should be paid for obtaining the loan a stipulated commission from the trust fund. He did all the work necessary to obtain the loan; but before the corporation from which the loan was to be obtained, signified its formal acceptance of the terms proposed by him, the trustee by whom he was employed, died. A subsequent trustee obtained the loan on substantially the same terms as those for which he had negotiated, and thus the trust had the fruits of his labor.

It is not alleged that the agreement between the trustee and the appellant was, that the trustee should not be personally liable to appellant upon their contract, or that the compensation for obtaining the loan should be a specific lien on the trust fund, or that the same was thereby assigned by the trustee to the appellant, nor is it alleged that the trustee was, or that his estate is now, insolvent. The question is, does the claim of appellant for compensation for his services in obtaining the loan constitute a charge against the trust estate which a court of equity will decree payment of out of that estate—the fund being ample—on bill filed by appellant.

The general rule is, that the expenses of properly administering a trust are a lien, on behalf of the trustee, on the estate in his hands, and he will not be compelled to part with his control of that estate until such expenses are paid. But this, unless it may be in exceptional cases, does not extend to persons employed by the trustee. In general, their only remedy for compensation is personal, against the trustee employing them. Hill on Trustees, (4th Am. ed.) 879, *567; Lewin on Trusts, (7th ed.) 549; Perry on Trusts, sec. 907; Tiffany & Bullard on Trusts, 583; *Worrall* v. *Harford*, 8 Ves. Jr. 7, *8; *Heriot's Hospital* v. *Ross*, 12 Cl. & Fin. 507; *Hall* v. *Saver*, 1 Hare, 570; *Francis* v. *Francis*, 5 DeG., M. & G. 108; *Re Sadd*, 34 Beav. 650; *Jones* v. *Dawson*, 19 Ala. 672; *Fearn* v. *Mayers*, *Trustee*, 53 Miss. 458.

It is manifestly irrelevant to notice cases where, the beneficiary of a fund in the hands of a trustee becoming indebted, it has been held the creditor may have satisfaction from the fund, as in *Frazier* v. *Brownell*, 3 Ired. Eq. 237, cited by counsel for appellant, since this is not the contract of the beneficiary of the fund, but of the trustee; nor are cases that might be cited, where it has been held that solicitors, etc., had a lien upon the amount realized to the estate in the case in which they had been employed, for their costs, because appellant is not a solicitor or attorney seeking the recovery of taxable costs, nor is he seeking the enforcement of a lien upon a specific fund brought to the estate through his endeavors. The borrowed money was paid out in satisfaction of previous loans, and appellant seeks recourse against any unappropriated trust funds of the estate.

Counsel for appellant cite and rely upon *Noyes* v. *Blakeman*, 6 N. Y. (2 Seld.) 567, and *New* v. *Nicoll*, 73 id. (28 Sickels,) 127, as laying down a rule by which his claim may be sustained. Those cases certainly go, in the direction of his contention, much farther than any other cases of which we have knowledge, but if we were to concede that they are the law here, it is impossible that he could recover. In *Noyes* v. *Blakeman* the recovery was only sustained by a divided court, and then upon the ground that the agreement was that the trustee was not to incur any personal liability, and that the claim was to be paid out of the income of the trust estate. In *New* v. *Nicoll* it is conceded in the opinion (p. 130,) that "the general rule undoubtedly is, that a trustee can not charge the trust estate by his executory contracts, unless authorized to do so by the terms of the instrument creating the trust. Upon such contracts he is personally liable, and the remedy is against him personally." The court, however, adds: "But there are exceptions to this general rule. When a trustee is authorized to make an expenditure, and he has no trust funds, and the expenditure is necessary for the protection, reparation or safety

of the trust estate, and he is not willing to make himself personally liable, he may, by express agreement, make the expenditure a charge upon the trust estate. In such case he could himself advance the money to make the expenditure, and he would have a lien upon the trust estate, and he can, by express contract, transfer this lien to any other party who may, upon the faith of the trust estate, make the expenditure." And the court further adds: "It was not sufficient for him to show that he did the work upon the faith or credit of the trust estate. He could get a lien or charge upon the trust estate only by virtue of some agreement to that effect." It has been seen, there was here no agreement releasing the trustee from liability and assigning his lien to appellant, or otherwise creating a lien in behalf of appellant upon the trust estate.

We express no opinion whether, if the facts presented to us the precise case before the New York court, we should follow their ruling. It is sufficient that no such case now demands the expression of our opinion.

Counsel for appellant have also cited, in support of their contention, our decision in *Greene* v. *Grimshaw*, 11 Ill. 389. The question there originated in the probate court, and was whether a claim presented by attorneys-at-law against an estate for professional services in an action at law, whereby assets of the estate were collected, should be allowed as a charge against the estate, and it was held that it should. The statute then in force provided, that expenses of the settlement of the estate should be allowed against the estate in the second class. (Rev. Stat. 1845, sec. 115, chap. 110.) It is true, the statute was not cited in the opinion, but the only controversy was whether the judgment, in the recovery of which the attorney's services were rendered, was for the executrix personally or for the estate,—the controversy assuming, that if for the latter the estate was liable, and so there was no necessity for referring to the statute. The decision, therefore, has no bearing upon the question involved here.

It is earnestly insisted by counsel for appellant, that the death of the trustee before the consummation of the negotiations to borrow money, the subsequent transfer of the trust property to another person acting as trustee, and the subsequent decision of the courts that the person with whom appellant contracted, and the person to whom the trust property was subsequently transferred, were not lawfully appointed trustees, are exceptional reasons to take the present case from without the operation of the general rule as stated *supra*. But it is manifest that that rule can not logically be affected by these circumstances. If the trustee was liable individually, no rule of law is better settled than that his death did not terminate it. Nor could any possible reason exist why, if the estate was not liable when the contract was made, it should become liable by the fact of the subsequent death of the trustee. If the trust property was liable when the contract was made, it would be equally liable when transferred to a subsequent trustee. If it was not then liable, it is not possible to reasonably conceive of its being made liable by the mere act of subsequent transfer. If the validity of the appointment of the trustees can not be inquired into in this case, then, beyond all question, it is immaterial how the courts have decided,—or, indeed, whether they have decided at all,—upon that question. If the validity of the appointment of the trustees can be inquired into in this case, it is not to be conceived that appellant's position can be strengthened thereby, since, if the act of a trustee would not, under the circumstances, have rendered the estate liable, much less could the act of a mere intermeddler, having no authority of law, have done so.

It is argued by counsel, that the rule, however well adapted to the conditions of things in the days of Lord ELDON, is not adapted to the conditions of things to-day. It may be that trust estates are more numerous and the property values affected thereby are much greater now than they were then, but we do not perceive that these affect the reason of the rule.

Lord ELDON said, in *Worrall* v. *Harford, supra,* that "it would be quite mischievous to allow every person with whom the trustees may contract, to have an account of the whole administration of the estate; and, without such an account, such claimant could, in no case, have a decree against the trust fund." It would seem obvious, that the greater the estate the more mischievous this would be. The rule can work no great hardship. If a trustee shall be unable to procure the services of the necessary agents upon his own responsibility, let him apply to the chancellor for permission to charge the estate specially for that purpose. In our opinion, the ends of justice will be best subserved by adhering to the rule.

The judgment is affirmed.

*Judgment affirmed.*