## NORLING *v.* ALLEE *et al.*

*(City Court of Brooklyn, General Term. March 24, 1891.)*

1. NEGLIGENCE—DANGEROUS PREMISES—STORMS.
    An owner of real estate, who keeps the same in a reasonably safe condition, is not liable to a passer-by on the street who is injured by the falling of a fence during a storm of sufficient violence to unroof houses and do like damage.
2. TRUSTS—NEGLIGENCE OF TRUSTEES—LIABILITY OF ESTATE.
    A trust-estate cannot be mulcted for personal injuries sustained through the negligence of trustees in relation thereto.
3. NEGLIGENCE—LIABILITY OF LANDLORD.
    Where the premises had been rented for 15 years, and there was no evidence that the fence was in bad repair when the lease was made, or that defendants were to make repairs, they are not liable. Following *Norling* v. *Allee*, 10 N. Y. Supp. 97.

Appeal from trial term.

Action by John Norling against William H. Allee and others, as executors, etc., of Joseph B. Allee, deceased. There was judgment for plaintiff, and defendants appeal.

Argued before OSBORNE and VAN WYCK, JJ.

*T. E. Hodgskin,* for appellants.  *W. H. Sage,* for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for injuries alleged to have been sustained by him through the negligence of the defendants, by reason of a fence on a portion of the trust-estate held by defendants falling upon him. The defendant William H. Allee alone was served, and he alone answered. In his answer he denies, *inter alia*, all negligence in maintaining said fence, or that it was dangerous or insecure. He further alleged that the fence was blown down by a storm of extraordinary and unusual violence, and through the act of God. A further defense set up was that at the time that said fence was blown down the premises were in the possession and control of one Hart, a tenant, whose duty it was to keep said fence in repair. On the first trial of this action plaintiff obtained a verdict which, on appeal, was set aside and a new trial ordered, on the twofold ground that the storm which blew down said fence was of such unusual violence that the result should be treated as the act of God, and not as owing to the negligence of defendants, and also that defendant, as trustee, was not liable for negligence, but that the remedy of the plaintiff, if any, was against him personally.

*Vide* opinion, 10 N. Y. Supp. 97. On a new trial had, at the close of plaintiff's case, defendants' counsel moved to dismiss on the grounds (1) that no negligence had been shown on the part of the defendant in regard to the condition of the fence; (2) that the proximate cause of the accident was the violent storm prevailing at the time, and not the condition of the fence; (3) that the premises were in the possession of one Hart, and that there was no evidence to show that the defendants were responsible for the condition of the fence, or liable to make any repairs to it; (4) that defendants are sued in their representative capacity as executors and trustees, whereas, if they are liable at all, they are liable in their individual capacity, and that only one of the defendants has been served with process, and that the others have not appeared. The motion to dismiss was granted, and the case now comes before us again on the exception of plaintiff to the granting of said motion, and to the order denying motion for a new trial on the minutes. The evidence on the second trial did not differ materially from that on the first trial. Indeed, it was in some respects weaker. We think, for the reasons stated in our previous opinion, the non-suit must be sustained. The principal point on this appeal, to which counsel on both sides addressed themselves, was as to the liability of the defendants in their capacity as trustees. We are referred to no new cases which tend to alter our views on this point as expressed in our previous opinion. It must be borne in mind that this action is not one in equity to reach the trust-estate, and to charge it with the result of the alleged negligence of the defendants in their capacity as trustees. *Willis* v. *Sharp*, 113 N. Y. 586, 592, 21 N. E. Rep. 705. It is the ordinary common-law action for negligence. The liability, if any, is because defendants were negligent, and the fact that they held the title to the premises on which the fence stood fixes no liability on them as trustees, nor does such alleged negligence create any lien on the premises in favor of plaintiff. The case of *Rogers* v. *Wheeler*, 43 N. Y. 598, cited by the learned counsel for the appellant, does not affect the question here in dispute. In that case defendants, as trustees for bondholders, conducted a railroad, and in the course of such business, and within its ordinary scope, contracted to carry some grain. The grain was burned, and defendants, as trustees, were held liable as common carriers. It there appeared that they held a lien on the trust property to indemnify them for all liabilities incurred in the management of the railroad, and they were held liable for their contracts on the ground that they received the fruits thereof. That case certainly is no authority for holding the trust-estate here liable for the misfeasance or non-feasance of these trustees in not properly looking after a fence on the trust-estate. To hold that by an action against one of three trustees the trust-estate could be mulcted, or perhaps absorbed, without giving the other trustees or the *cestuis que trustent* an opportunity to be heard, is a proposition for which we can find no warrant in law or in equity. On the trial of the action it appeared that the premises in question had been in possession of one Hart, as a tenant, for some 15 years, and the fence in question had been erected for about 15 years. There was no evidence going to show that the defendant trustees were to make repairs, or that the fence was unsafe or out of repair at the time Hart's tenancy began. In the absence of such proof we think defendants could not be held liable for the condition of the fence. *Ahern* v. *Steele*, 115 N. Y. 203, 22 N. E. Rep. 193, and cases there cited. We are accordingly of opinion that the judgment dismissing the complaint, and the order denying the motion for a new trial on the minutes, should be affirmed, with costs.