(No. 15011.—Judgment affirmed.)

EDNA P. WAHL *vs.* GEORGE C. K. SCHMIDT *et al.*—JOHN M. KLONOWSKI, Admr., Intervening Petitioner.—(GEO. C. K. SCHMIDT, Plaintiff in Error, *vs.* GEORGE W. KELLNER *et al.* Defendants in Error.)

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. TRUSTS—*trustee, in court of law, is regarded as owner of the property.* In a court of law a trustee having the legal title to real estate, together with the right of possession, is regarded as the owner of the property, having all the rights and subject to all the liabilities of ownership.

2. SAME—*trustee is personally liable for torts of agents in management of trust property.* A trustee, as legal owner of trust property, with the right of possession, is personally liable for torts committed by him or by his agents or servants in its management; but he is not liable in his representative capacity, as the law will not allow trust property to be impaired through the negligence of the trustee, nor permit him to create any new or additional liabilities against the same.

3. SAME—*right of trustee to indemnity does not make trust estate directly liable.* The fact that a trustee may be entitled to be indemnified by the trust estate for money paid out by him to satisfy the claim of a person injured by the negligence of the trustee's servants in the management of the trust property does not make the estate directly liable to such injured person.

4. SAME—*trustee cannot charge trust estate with lien except by express authority.* A trustee cannot create a lien on the trust estate in favor of a creditor, or charge the trust estate even by his contract, without express authority given by the instrument creating the trust.

5. SAME—*trust estate is not recognized in a court of law.* A court of law takes no cognizance of the trust relation, and if a trustee binds himself for the benefit of the trust estate the contract is his personal contract though he describes himself as trustee, and he is personally liable for its breach, as a trust estate can make no contract and commit no tort and an action against the trustee in his representative capacity is unknown to a court of law.

6. SAME—*when judgment must be held to bind the trustees personally.* Where a declaration in an action for wrongful death caused by the failure to keep trust property in a safe condition describes the defendants as executors and trustees and states a cause of action against them personally, the descriptive words must be regarded as descriptive of the person, only, and a judgment rendered in such action must be enforced against them in their personal capacity although it purports to be against them in their representative capacity.

7. SAME—*right of trustee to charge loss to estate.* If a trustee for the management of property, acting with due diligence in the performance of his duties, through the negligence of his agents or servants incurs a legal liability to a third person, he is entitled to have the loss resulting from such liability borne, ultimately, by the trust estate.

8. EXECUTORS AND ADMINISTRATORS—*court may examine entire record to ascertain whether judgment is personal against executor.* The court may look at the whole record to determine whether or not the judgment against an executor or administrator is a personal judgment or is to be satisfied only from the goods of the estate, and the addition of the word "executor" to the name of a party against whom a judgment is rendered will not prevent the judgment from being enforced against him personally.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

MILLER, GORHAM, WALES & NOXON, for plaintiff in error.

WYMAN, HOPKINS, McKEEVER & COLBERT, (VINCENT D. WYMAN, and AUSTIN L. WYMAN, of counsel,) for defendants in error.

David K. Tone, for John M. Klonowski, intervening petitioner.

Mr. Justice Dunn delivered the opinion of the court:

Kaspar G. Schmidt died on December 12, 1898, leaving an estate consisting of a considerable amount of both real and personal property, all of which he devised to three trustees in trust to pay his debts, an annuity to his wife, certain legacies and devises, and to pay the net income to his four children, Barbara E. Kellner, Katherine Herbert, George C. K. Schmidt and Edna P. Schmidt, equally, during the period of fifteen years after his death. He directed that the residue of his estate should be divided among the same four children at the expiration of fifteen years from his death. The persons named qualified as executors and trustees and entered upon their duties. George W. Kellner, one of them, died. The property of the estate was not divided at the expiration of the trust term, on December 10, 1913, but the survivors of the trustees continued in possession. On December 11, 1914, Barbara E. Kellner filed a bill in the circuit court of Cook county against the two surviving trustees for an accounting. Another bill of like character was filed in the same court by Edna P. Wahl. Several appeals from various orders of the probate court in the estate of Kaspar G. Schmidt were also pending in the circuit court, and on March 7, 1916, all these appeals, together with the two bills, were consolidated under the title of the cause, Edna P. Wahl *vs.* George C. K. Schmidt and others, and the consolidated cause was referred to a master in chancery to take the proofs and report. A part of the property of the estate was a building on West Ontario street, in Chicago, which the two surviving trustees, Charles J. and George K. Schmidt, leased to the Crescent Paper Box Manufacturing Company. A water tank had been constructed on this building, and on May 21, 1915, the support sustaining it gave way and it fell through the building and killed

Elizabeth Frankowicz, who was there engaged at work as an employee of the Crescent Paper Box Manufacturing Company. John Klonowski, the administrator of her estate, brought an action on the case for damages caused by her death against the Crescent Paper Box Manufacturing Company and Charles J. and George K. Schmidt, surviving executors and trustees of the estate of Kaspar G. Schmidt. Pleas were filed by the defendants, Charles J. and George K. Schmidt, surviving executors of the estate of Kaspar G. Schmidt: (1) The general issue; (2) denying ownership, possession and control of the premises; (3) setting out a lease to the Crescent Paper Box Manufacturing Company dated March 1, 1915, for a term beginning May 1, 1915, and ending April 30, 1916, requiring the lessee to keep the premises in repair, and averring that the company had occupied the premises for more than ten years under a similar lease, and on May 21, 1915, the company, and not the defendant trustees, was in possession of the premises; (4) an additional plea alleging that the Crescent Paper Box Manufacturing Company was at the time in question operating under the Workmen's Compensation act. A stipulation was made that the defendants might introduce any evidence material under any pleadings which might be filed. Charles J. Schmidt died during the pendency of the action. The cause proceeded against George K. Schmidt as surviving executor and trustee, and on June 11, 1918, a verdict was found against him assessing damages at $7000, for which judgment was rendered. This judgment was later affirmed by the Appellate Court, (217 Ill. App. 150,) and the Supreme Court denied a petition for a writ of *certiorari*. On November 6, 1920, the plaintiff in that judgment filed an intervening petition in the consolidated cause of Wahl *vs.* Schmidt *et al.*, setting forth the facts in regard to the injury to Elizabeth Frankowicz resulting in her death, the bringing of the action and recovery of the judgment against George K. Schmidt as surviving executor and trustee; also

averring that the surviving executor and trustee had in his hands, over and above all costs and disbursements and applicable to the payment of the petitioner's demand, more than $25,000, and praying for an order directing him, as executor and trustee, to pay the judgment. The executors of the will of Barbara E. Kellner, who had died during the pendency of the suit for accounting, and her legatees, answered, averring that the possession of the building on May 21, 1915, was after the expiration of the trust term and without right and without the consent of Barbara E. Kellner; that if there was any liability for the death of Elizabeth Frankowicz it was the liability of George K. Schmidt personally and not as trustee, and that the trust estate was not liable. The answer also denied that the surviving executor and trustee had $25,000, or any other sum, in his hands applicable to the claim of the petitioner; averring that all the funds in the hands of the trustee were the property of the respondents, and that George K. Schmidt, as trustee, was indebted to the respondents, as executors of the will of Barbara E. Kellner, who was one of the beneficiaries under the will of Kaspar G. Schmidt, in excess of the amount in his hands. The court after a hearing rendered a decree finding that the petitioner had a first lien, subject only to the costs of administration, on all the real and personal estate in the possession of George K. Schmidt as executor and trustee, to secure the payment of the judgment; that Schmidt, as executor and trustee, had in his possession real estate worth more than $100,000 and money and other personal property; that all debts and claims against the real estate had been paid except a portion of the costs of administration, and ordering him, as executor and trustee, to pay the judgment, with costs and interest, in due course of administration. Upon the appeal of the executors of the will of Barbara E. Kellner and her legatees the Appellate Court reversed the decree and remanded the cause, with directions to dismiss the petition. George K. Schmidt, individually,

presented to this court his petition for a writ of *certiorari,* which was allowed, and the cause has been submitted upon briefs of George K. Schmidt, individually, and the representatives of Barbara E. Kellner under her will.

Counsel for the intervenor has filed a brief, not arguing any of the questions discussed by the plaintiff in error or the beneficiaries of the trust, but stating that the principal legal question presented by the appeal is whether the judgment of the intervenor is a personal judgment against George K. Schmidt or a judgment against him in his official capacity, to be paid in due course of administration, and that the intervenor is not interested in the contest whether the judgment should be paid personally by Schmidt or whether it should be paid out of the trust estate.

In a court of law a trustee having the legal title to real estate, together with the right of possession, is regarded as the owner of the property, having all the rights and subject to all the liabilities of ownership. (1 Perry on Trusts, sec. 321.) The duties of the trustee as owner make him personally liable for torts committed by him or by the agents or servants in his employ. (*Norling* v. *Allee,* 13 N. Y. Supp. 791; *Shepard* v. *Creamer,* 160 Mass. 496; *Belvin's Exrs.* v. *French,* 84 Va. 81; *O'Malley* v. *Gerth,* 67 N. J. L. 610; *Louisville Trust Co.* v. *Morgan,* 180 Ky. 609.) A trustee is not liable in his representative capacity for an injury caused by his negligence in the management of the property held in trust. (*Parmenter* v. *Barstow,* 22 R. I. 245.) That was an action brought against trustees, in their representative capacity, for an injury negligently caused by their servant engaged in chiseling stone on premises of which they held the legal title as trustees, to a person walking on the sidewalk. It was stated in that case that the law will not allow trust property to be impaired or dissipated through the negligence or improvidence of trustees, nor will it permit them to create any new or additional liabilities against the same. The beneficial interest

thereof belongs to the *cestuis* and it must be held intact for them. So it was held that trustees having the title to real estate were not liable in their representative capacity to persons rightfully on the premises for injuries received on account of the negligence of the trustees in permitting the premises to be out of repair. (*Keating* v. *Stevenson,* 21 App. Div. 604.) Trustees are not liable for injuries to a person on a sidewalk caused by the negligence of the trustees in regard to the repair of abutting premises, (*Norling* v. *Allee, supra,*) or for negligence in keeping the sidewalk in repair. *Moniot* v. *Jackson,* 40 Misc. 197.

In *Wright* v. *Caney River Railroad Co.* 151 N. C. 529, an action for damages against trustees for creditors who were operating a logging railroad under a sub-lease by agreement with and for the benefit of the creditors was sustained against the trustees in their representative capacity. The court said it is true, as a general rule, that "a trust fund cannot be subjected to legal liability by reason of the torts of the trustee or his agents and employees, but this doctrine ordinarily exists in the case of passive trusts, or, when active, in those instances where the power and duties of the trustee are so defined and restricted by the law or the provisions of the instrument under which he acts that the principle of imputed responsibility, similar to that which obtains in the case of principal and agent, does not and can not prevail." It appeared in that case that the beneficiaries were parties to the deed, which clearly contemplated the operation of the road and provided for its expenses, and the beneficiaries were expressly given the right of interference and control in the main purpose of the trust,—the disposition of the lumber. It was further said that other decisions apparently adverse were rendered on the ground that the claims were asserted in a court of law and a recovery could not be made effective without threatening the integrity of the trusts, but that no such objection could obtain in that court, which had full jurisdiction of legal and equitable is-

307–22

sues and where a part of the trust fund was in the control and custody of the court and available in satisfaction of the claims. In *Ireland* v. *Bowman,* 130 Ky. 153, where trustees under the will were empowered to operate a mill and maintain a dam which was claimed to constitute a public nuisance, it was held that the suit was maintainable against the trustees and devisees as representatives of the estate. In that case, as in the case in North Carolina, the distinction between the jurisdiction of a court of law and a court of equity did not obtain, for the suit was brought and sustained to enforce in the same proceeding both legal and equitable causes of action,—that is, both for an injunction to require the removal of the dam and for damages for the injuries sustained. Neither of these cases can be considered as sustaining the jurisdiction of a court of law to enforce claims against a trust estate in this State, where the distinction between legal and equitable rights is preserved.

In *McNulta* v. *Ensch,* 134 Ill. 46, it was held that it was erroneous to render a judgment against a person individually who was sued as receiver of a railroad company, and that the judgment should be entered against him as receiver and made payable out of the funds held by him in that capacity in due course of administration. The present case, however, in which the trustees were appointed by will and were governed by the terms of that instrument and not by the orders of any court, is different from the case of a receiver. The distinction is made apparent by the following language of the court in *Keating* v. *Stevenson, supra:* "Such receivers are in no sense the owners of the property and they have not the legal title to it. The property is in the court for its management and administration, and the receiver is an officer of the court, being under its orders and carrying out its directions. The servants whom he is obliged to employ are employed by him solely in his official capacity and by virtue of his official duty, and they do not in any way represent him personally. For that reason it has been

held in many cases that in the absence of any personal neg-
lect of the receiver he is not liable personally for the neg-
lect of his servants."

A trustee cannot create a lien on the trust estate in favor
of a creditor, or charge the trust estate even by his contract,
without express authority given by the instrument creating
the trust. (*Johnson* v. *Leman*, 131 Ill. 609.)   In that case
a trustee of real estate employed a broker to obtain a loan
for the benefit of the trust, which the best interests of the
trust required, and agreed upon a commission for his ser-
vices, to be paid the broker from the trust fund.   The broker
did all that was necessary to obtain the loan, but before the
formal acceptance of the terms by the lender the trustee
died.   The subsequent trustee obtained the loan on substan-
tially the same terms as those for which the broker had
negotiated and the trust thus obtained the benefit of his ser-
vices, but it was held that while the expenses of properly
administering a trust are a lien on behalf of the trustee on
the estate in his hands and he will not be compelled to part
with his control of that estate until such expenses are paid,
yet this rule did not extend to persons employed by the
trustee, unless in exceptional cases.   In general their only
remedy for compensation is personal against the trustee em-
ploying them.

In *Bradner Smith & Co.* v. *Williams*, 178 Ill. 420, it
was held that an assignee for the benefit of creditors, though
he continues the insolvent's business by order of the court,
is personally liable on contracts made by him for the estate
in the absence of express contrary agreements, and that this
personal liability does not depend upon whether the charge
would be a proper one by the trustee against the fund or
estate or whether he should be allowed reimbursement for
the money paid.   That is a matter wholly between him and
the beneficiaries of the trust.   It is recognized not only in
cases of contract such as those which are referred to but
in some cases of tort, that the trustee may be entitled to

reimbursement from the estate for a judgment recovered against him which he has paid. Where a trustee employed woodcutters to fell timber upon the trust estate and they carelessly felled a tree so that a large bough struck a passerby and broke his leg and he sued the trustee and obtained a judgment, which the trustee paid, the amount of the judgment was allowed to the trustee in his account. It was held that the trustee having acted with due diligence and employed a proper agent to do an act which was within the due discharge of the trustee's duties, the liability of the trustee to a third party caused by the error of the agent ought to be borne by the estate. (*Benett* v. *Wyndham,* 4 DeG., F. & J. 259.) So here, if the plaintiff in error, acting with due diligence in the performance of his duties as trustee, through the negligence of his agents or servants has incurred a legal liability to a third person, he is entitled to have the liability borne by the trust estate. The common rule is that trustees are liable only for good faith and common prudence, and that if a loss happens to the trust fund in relation to which they have exhibited this care and prudence they may be allowed for the loss in their accounts. (2 Perry on Trusts,—6th ed.—sec. 914.) The right to indemnity, however, is the right of the trustee, and the fact of his being able to secure indemnity from the estate does not make the trust estate liable directly to the person injured by the negligence of the trustee's servants or agents. As was held in *Johnson* v. *Leman, supra,* in general their only remedy is personal against the trustee. This rule was recognized in *Norton* v. *Phelps,* 105 U. S. 393, but an exception was admitted in cases where the estate is either indebted to the trustee or would be if he should pay the demand, and the trustee is insolvent or non-resident. In such cases the trust estate may be reached directly by a proceeding in chancery.

The cases in which a trust estate has been charged with liability for either the contract or the tort of the trustee have been in equity, except in those States where the distinction

between actions at law and suits in equity has been abolished and but one form of action exists. An action against a trustee in his representative capacity is unknown to a court of law, for the law takes no cognizance of the trust relation or the trust estate. The trust estate can make no contract and commit no tort. If the trustee binds himself for the benefit of the trust estate the contract is his personal contract though he describes himself as trustee. He is liable to an action at law for its breach, and a personal judgment is the only judgment which can be rendered against him. (*Duvall* v. *Craig,* 2 Wheat. 45; *Taylor* v. *Mayo,* 110 U. S. 330.) In the action brought by the administrator in this case the defendants were described as surviving executors and trustees of the estate of Kaspar G. Schmidt, and the judgment against them was directed to be paid in due course of administration. The designation of the defendants as trustees in the pleadings was merely descriptive of the persons. (*Duvall* v. *Craig, supra; Taylor* v. *Mayo, supra.*) The use of those words may be descriptive either of the person sued or of the capacity in which he is sued, and whether they are to be regarded as used in the one sense or the other must be determined from the allegation of the declaration. If the declaration states a cause of action against the defendant personally, the words must be held descriptive of the person, for they can have no other use. It was so held in *Rich* v. *Sowles,* 64 Vt. 408. In *Austin* v. *Munro,* 47 N. Y. 360, the summons and the averments of the complainant described the defendants as executors but the complaint alleged a cause of action upon which the defendants were liable personally. The complaint was held bad on demurrer, and the court said: "Whether by proper allegation upon an amendment it may be converted into an equitable action to reach funds in the hands of the defendants, * * * or, in the alternative, for judgment against the defendants personally, may be a question for the pleader but is not before this court." The addition of the word

"executor" to the name of a party against whom a decree is rendered will not prevent the decree from being enforced against him personally. (*Tinsley* v. *Lee*, 51 Ga. 482.) The court refused to amend an execution on a judgment entered by default against the defendant as administrator so as to direct collection from the goods of the intestate, where the court could see from the record that the judgment was not based on a liability of the decedent. (*Higgins* v. *Diggs,* 21 Fla. 103.) In *Guice* v. *Sellers,* 43 Miss. 52, a judgment against a defendant as administrator on a demand created by his intestate was held to authorize execution against the goods of the intestate only, although it contained no direction as to the manner of satisfaction.

From these decisions it appears that the court may look at the whole record to determine whether or not the judgment against an executor or administrator is a personal judgment against the executor or administrator or a judgment to be satisfied only from the goods of the trust estate. Looking at the record in the case of Klonowski *vs.* Schmidt, it is apparent that the only cause of action stated is a cause of action against the defendant personally. The court of law was without jurisdiction to entertain the action or to render the judgment unless the action was against the defendant personally. It does not appear that there was any demurrer to the declaration. If there was, the defendant afterwards filed pleas and thereby waived the demurrer. No claim was made either in the circuit court or in the Appellate Court that the trust estate was not liable and that if there was any liability it was that of the trustee personally. If such claim had been made no doubt it would have been sustained by the trial court, and if it had been made in the Appellate Court the error would have been corrected.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*