**BREIDECKER, for Use of COHN, v. GENERAL CHEMICAL CO.**

No. 4325.

Circuit Court of Appeals, Seventh Circuit.

Jan. 10, 1931.

Rehearing Denied April 4, 1931.

Edward C. Kramer, Rudolph J. Kramer, and Bruce A. Campbell, all of East St. Louis, Ill., for appellant.

John R. Heath and John M. Cameron, both of Chicago, Ill., and William E. Wheeler and Martin F. Oehmke, both of East St. Louis, Ill., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and FITZ HENRY, District Judge.

ALSCHULER, Circuit Judge.

In April, 1924, appellant began this action, suing as trustee for the use of Philip H. Cohn. The declaration alleges that in 1913 Cohn took title to certain real estate in St. Clair county, Ill., near East St. Louis, as trustee for himself and two others equally interested with him, and that the following year the tract was platted into streets and lots under the name of Nichols Place subdivision; that in 1918 Cohn acquired the interest of one of the parties interested with him, and in 1922 the interest of the other; that in 1922 Cohn conveyed the then unsold lots in said subdivision to appellant as trustee, this, as Cohn testified, being for greater convenience in making transfers, Cohn holding the beneficial interest therein.

It appears that, up to about five years before the commencement of the action, about 200 of the lots had been sold, leaving unsold about 100 lots, which were conveyed to appellant. There were no buildings or other improvements on the subdivision.

Appellee's chemical works were located adjacent to the subdivision, and, beginning about five years before the commencement of suit, appellee caused acids, gases, fumes, and other deleterious substances to escape from its plant and over and onto the lots in question, with the uncontroverted result that the lots were thereby injuriously affected. To recover the resultant damages to the use of the lots, the action was brought. It was tried by a jury, and the court, concluding that the evidence disclosed no basis for the recovery of substantial damages, directed the jury to return a verdict for appellant in the amount of one cent, and the appeal is from the judgment rendered thereon. The action was not predicated upon a permanent injury to the real estate, but upon the damage which appellant sustained in her use of it.

■■ The court ruled that appellant was not entitled to recover for any time prior to her acquirement of the title, which was about two years before commencement of the action. Appellant insists that in this there was error. The action was for a continuing trespass, right of recovery for which is personal to the one who sustained the damage. The deed was to Breidecker as trustee. While the deed to her does not state the nature of the trust, nor its beneficiary, and no declaration of trust appears, we will assume, for the purposes hereof, that, in accordance with Cohn's testimony, he was the beneficiary. Nevertheless the trust deed to appellant was not an assignment to appellant of Cohn's right of action for damages he had theretofore sustained for trespass upon his land. This was personal to him, and was in no manner connected with the land itself. It remained in him, notwithstanding his conveyance of the land. Appellant had no more right to include in her suit a cause of action which had accrued to Cohn for injury to his use of this land than to any other land owned by him and not included in her deed. This is an action at law, and only the holder of the legal title can complain of injury to its use. United States v. Loughrey, 172 U. S. 206, 19 S. Ct. 153, 43 L. Ed. 420; Wahl v. Schmidt, 307 Ill. 331, 138 N. E. 604. It follows that there can here be no recovery by appellant for the injury to the use of the land which accrued prior to the time she acquired title.

But the trespass continued long after appellant became the holder of the legal title, and after the suit was begun; and the inquiry is whether there was such evidence of

substantial damages as should have been submitted to the jury.

It is urged that no considerable amount of damage was shown; that the land itself was mostly low, wet, and wholly unproductive; that it was purchased and in 1914 platted in evident expectation that because of its proximity to this chemical plant the lots would be salable to employees for this and perhaps other plants for homes, and that, notwithstanding the sale of about 200 of the 300 platted lots, no homes or other improvements were placed on any of them, nor any sidewalks or other of the usual municipal improvements installed, and that no streets were actually laid out beyond running furrows with a plow.

■ While such conditions may bear upon the extent of the damage resulting from appellee's trespass, they do not necessarily indicate that the damage was only nominal. It is at best extremely difficult to fix with accuracy the extent of the damage which such trespass would entail. There is mainly involved the question of what would have happened had the trespass not been committed, and evidence upon such a proposition is at best more or less speculative. The difficulties in the way of establishing the quantum of damage should not, however, inure to the benefit of him who causes it, and shield him against the consequences of his invasion of another's lawful rights. The general rule is that in such matters the best evidence of which the nature of the case is susceptible may be adduced. Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 S. Ct. 400, 71 L. Ed. 684; Hetzel v. Baltimore & Ohio R. R. Co., 169 U. S. 26, 18 S. Ct. 255, 42 L. Ed. 648; Johnston v. City of Galva, 316 Ill. 598, 147 N. E. 453, 38 A. L. R. 1384.

■ It is apparent that the unsold lots were not adapted for agriculture, pasturage, or like gainful use, and were not leasable for building purposes. In the hands of those who were marketing the lots they had practically but a single use, viz., for sale to others for building or speculative purposes. We believe that under such circumstances this is a use which affords some basis for estimating the damage from such a trespass. True, it could not certainly be known that any of the lots would, but for the trespass, have been sold, or what they would have realized. From evidence of previous sales and experience with similarly located lots, and of local conditions bearing on sales of such lots, the jury might have been warranted in drawing

some inference as to the influence of the trespass on this use of these lots. They might make some estimate of how many would have been sold, and, from usual experience in such matters, to what extent they would have been paid for, and might have been warranted in considering what would have been the reasonable expense of realizing on the lots, and what would have been the probable net amount which, but for the trespass, would have come to appellant, and the fair value of the use to appellant of such probable net proceeds as were lost to her because of appellee's trespass. In such cases considerable latitude is permissible in allowing evidence of experts and others as to their experience in such matters; and the jurors may view the evidence in the light of their common knowledge and common sense.

Without entering into details, we conclude that the record fairly discloses enough of such evidence as to have required submission of the cause to the jury; and while from the record before us it would not seem that a great sum was likely to have been recovered, it is not less apparent to us that the court should not, as a matter of law, have determined the question of amount by directing the jury to find a verdict for nominal damages. In this we think the court erred, and the judgment is accordingly reversed, and the cause remanded for a new trial.