Anne O'Connor, Appellee, v. Frank C. Rathje, Appellant, James A. Murphy and Frank McGovern, Appellees.

Gen. No. 40,069.

Opinion filed February 1, 1939. Rehearing denied February 15, 1939.

490

Levinson, Becker, Peebles & Swiren and Lord, Lloyd & Bissell, all of Chicago, for appellant; Benjamin V. Becker, Don M. Peebles and Curt H. G. Heinfelden, of Chicago, of counsel.

Jacob Stagman, of Chicago, for appellee Anne O'Connor; Jacob Stagman, James C. O'Brien, Jr., and Thomas J. O'Malley, Jr., of Chicago, of counsel.

Mr. Justice Hebel delivered the opinion of the court.

A direct appeal was taken by the defendant to the Supreme Court of Illinois from a judgment entered in the superior court of Cook county, Illinois, for $20,000, on the ground that constitutional questions were involved. The court after due consideration decided that constitutional questions were not involved, and transferred the appeal to this court.

This action was commenced in the superior court of Cook county by Anne O'Connor, plaintiff. Frank C. Rathje, individually and as successor trustee to Foreman-State Trust and Savings Bank (successor by consolidation to the Foreman Trust and Savings Bank), as trustee under a certain indenture of trust dated as of August 1, 1927, made between A. G. Becker & Co. and the Foreman Trust and Savings Bank, as trustee, James A. Murphy, Frank McGovern, and Draper & Kramer, Inc., a corporation, were named as defendants in the original complaint. The original complaint and the amended complaint were dismissed on motion, and a third amended complaint was filed.

Frank C. Rathje, named as a defendant, individually and as successor trustee, filed a motion to strike the third amended complaint and to be dismissed from the cause. Draper & Kramer, Inc. filed a similar motion. The motions of Frank C. Rathje as an individual and of Draper & Kramer, Inc. were sustained. These de-

fendants were dismissed from the case. The motion of Frank C. Rathje, as successor trustee, was denied. The plaintiff was given leave to file a fourth amended complaint, and Frank C. Rathje, as successor trustee, was ruled to answer the same. In the fourth amended complaint the plaintiff named Frank C. Rathje as successor trustee, and James A. Murphy and Frank McGovern as defendants. Frank C. Rathje as successor trustee filed an answer to the fourth amended complaint. James A. Murphy and Frank McGovern were defaulted for failure to file an appearance or answer.

In the fourth amended complaint it was charged that Frank C. Rathje, as successor trustee, was the owner of a certain piece of real estate located at 3439–47½ West Madison street, Chicago, Illinois. This real estate was managed by Draper & Kramer, Inc., a real estate concern; that James A. Murphy, the tenant in possession of a part of the real estate, and Frank McGovern, the business partner, operated an establishment in the building located upon this real estate, wherein intoxicating liquors were sold; that these sales were knowingly permitted by the defendant Frank C. Rathje, as successor trustee, the owner of the real estate.

It was further charged in this fourth amended complaint that in June, 1934, Joseph O'Connor, son of the plaintiff, was killed in the above described establishment by one Richard Rogers; that at the time of the shooting Richard Rogers was intoxicated by consumption of liquor sold to him at that location.

It was further charged that Joseph O'Connor was the sole support of the plaintiff and that she thereby became entitled to damages under the applicable provisions of the Dramshop Act of Illinois. (Ch. 43, par. 135, sec. 14, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 68.042].)

The defendant, Frank C. Rathje, as successor trustee, by answer, denied knowledge of the sale of intoxi-

cating liquor upon these premises. He specifically denied that he knowingly permitted such sale. He set forth that the premises had been leased by the tenants in possession by written lease, which document contained an express provision prohibiting the sale of intoxicating liquor upon the premises. The jury returned a verdict against the defendants and assessed the plaintiff's damages at $35,000. Appropriate motions for a new trial and in arrest of judgment were filed, but the trial court declined to grant a new trial, but reduced the verdict, with the consent of the plaintiff, to the sum of $20,000. Judgment was entered upon this decreased amount and this appeal followed.

From the facts as they appear in the record, A. G. Becker & Co., entered into an indenture of trust with the Foreman Trust and Savings Bank, as trustee. The trust indenture is in evidence. It contemplated the deposit of A. G. Becker & Co. with the trustee of $6,000,000. This money was to be invested in first mortgages on improved real estate in Chicago, Illinois. The indenture further provided for the issuance of certificates of beneficial interest in varying amounts for sale to the general public.

In January, 1932, a bill of complaint was filed charging the trustee with certain acts of misconduct. The bill sought an accounting, removal of the trustee and the appointment of a successor. In July, 1933, the court appointed Frank C. Rathje as successor trustee. He was qualified and acting in such capacity in June, 1934, the date of the happening of the events complained of in the instant proceeding. Included among the assets of the trust was a first mortgage on the real estate at 3439–47½ West Madison street, Chicago, Illinois, where the shooting occurred. This mortgage being in default, Rathje had instituted foreclosure proceedings. As trustee he bought the property at the foreclosure sale and on February 23, 1934, he received a master's deed of conveyance made to him as successor trustee.

After the filing of the foreclosure proceeding the court appointed one Ferd Kramer, who was an associate of the firm of Draper & Kramer, Inc., one time defendants in this proceeding, as receiver for the property. He served in this capacity until the date of the master's deed. In December, 1933 he leased a portion of the building situated on the premises to James A. Murphy, a defendant in this proceeding. This lease was reduced to writing and it contained a provision that no intoxicating liquors of any kind could be sold on the premises.

After the delivery of the master's deed, Rathje appointed Draper & Kramer, Inc. as his agents to manage the property. Murphy continued to pay rent at the rate provided in the lease and receipts for the rental given him were signed by Draper & Kramer, Inc., agents for Frank C. Rathje, successor trustee. On March 6, 1934, Draper & Kramer, Inc. served Murphy with a notice of termination of tenancy. This notice was occasioned by a complaint received that a piano was being played in the establishment late at night. After service of this notice, rental was collected for the month of March, 1934. On May 1, 1934, they again served a similar notice of termination of tenancy. They had received rent for April in the interim. In the latter part of May, 1934 a fight occurred in the premises occupied by Murphy, and Ferd Kramer and Frank C. Rathje testified that this was the event which caused them to believe that alcoholic liquors were being sold on the premises. On June 1, 1934, a forcible entry and detainer proceeding was filed by Rathje against Murphy in the municipal court of Chicago. It was sought by this proceeding to dispossess Murphy of the premises in question. The bailiff of the municipal court was unable to serve Murphy, with either an original or an alias summons. On June 18, 1934 the requisite affidavit for service by publication was filed in the proceeding, the cause was continued until July, 1934,

notice to be given to the defendant by posting and mailing. This notice was given and Murphy, failing to appear, an order of eviction was entered against Murphy.

The facts show that Richard Rogers killed Joseph O'Connor upon these premises about 1:00 a.m. June 20, 1934. Plaintiff's witnesses McGovern, Smith, Kelly and Hasset testified that intoxicating liquors were being sold in the premises in question openly between February 23, 1934 and June 20, 1934. McGovern further testified that he had sold liquor to Narrow, the rent collector employed by Draper & Kramer, Inc. who had charge of this particular building between those dates. Narrow testified that he had never seen any intoxicating liquors in the tavern and was under the impression that only nonintoxicating beer was sold there. The defendants Rathje and Ferd Kramer of Draper & Kramer, Inc. testified that they had no knowledge of the sale of intoxicating liquor in violation of the terms of the lease until the date of May 27, 1934, or shortly thereafter, when they learned of the fight which had occurred in the premises, and conducted an investigation.

The evidence shows that Richard Rogers was intoxicated in these premises on June 19, 1934, and that he bought liquor therein. About one o'clock in the morning of June 20, 1934, while intoxicated, he shot and killed Joseph O'Connor.

The defendant, McGovern, filed no appearance in the proceeding, nor any answer. He was examined under section 60 of the Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060] as an adverse party. He admitted the sale of the liquor to Rogers, admitted his intoxication therefrom and admitted that he knew previous to that time that Rogers was a violent individual when intoxicated.

Anne O'Connor, mother of the deceased, testified that her son earned $62.50 for every two weeks of work and

that he was employed by the city of Chicago. She stated that she handled the family's finances; that she gave her son $5 a week for spending money and carfare and that he received, in addition, about $50 a year for clothing. She testified that her son had lived with her throughout his entire life, except for seven years, when he was in the Pontiac reformatory. She was 53 years of age at the time of the death of her son and he was 33.

The plaintiff states that with two exceptions the statement of facts set forth in defendant Rathje's brief is substantially correct, but it is urged that the defendant erroneously states that the fourth amended complaint named Frank C. Rathje as successor trustee. The fourth amended complaint charged and named Frank C. Rathje, successor trustee. The plaintiff also calls to the attention of the court that the defendant states that in the complaint it is charged that Joseph O'Connor was the sole support of the plaintiff. The complaint merely alleged that Joseph O'Connor provided a livelihood for himself and the plaintiff and did not say he was the sole support of the plaintiff. Plaintiff further urges that the defendant Rathje claims that in the fourth amended complaint he is sued as "Successor Trustee." That is not true. Plaintiff's third amended complaint named Frank C. Rathje, "individually and as Successor Trustee." A motion to strike was sustained and Frank C. Rathje was dismissed individually. A fourth amended complaint was then filed, describing Frank C. Rathje, not as successor trustee, but in the following words: "Frank C. Rathje, Successor Trustee." This was merely a restatement of the cause of action against Rathje individually and in the name in which he held title to the real estate. No motion to strike this complaint was made and the defendant Rathje answered the same in the name, "Frank Rathje, Successor Trustee," and not as suc-

cessor trustee, thereby admitting the sufficiency of the complaint.

Briefly, the contention of the plaintiff is that the words, "Successor Trustee" following the defendant's name in the complaint, are surplusage, and merely descriptive of the person.

Defendant's reply to this contention is that paragraph (7) of the plaintiff's fourth amended complaint is:

"That the name Frank C. Rathje, successor trustee, etc., is to be used hereafter in this complaint as an abbreviation for and to denote and identify Frank C. Rathje, successor trustee to the Foreman State Trust and Savings Bank, successor by consolidation to the Foreman Trust & Savings Bank, as trustee under a certain indenture of trust, dated as of August 1, 1927, between A. G. Becker & Company and Foreman Trust & Savings Bank, trustee, of Chicago, Illinois" and that Frank C. Rathje was sued as successor trustee to the Foreman-State Trust and Savings Bank, which in turn was successor by consolidation to the rights of the Foreman Trust and Savings Bank, etc. All that is required to indicate the fallacy of the claim of the appellee is the chronology of the title by which plaintiff elected to sue the defendant.

The defendant then calls the attention of the court to the fact that the trial court entered an order that Rathje, as an individual, be dismissed out of the lawsuit, and directed that a fourth amended complaint be filed, and it ordered Rathje "as successor trustee" to file an answer within 30 days from the date of the filing of the fourth amended complaint. Our attention has been called to the admission by the plaintiff in her brief and argument that Rathje, as an individual, was not a proper party to the suit, which the defendant quotes as follows:

"Frank C. Rathje, as an individual, was not the

owner of the property. As an individual he had no authority over same. He could and did file suits for possession or for rent only in one name, and that was in the name of 'Frank C. Rathje, Successor Trustee.' . . . He owned the property only as Successor Trustee and, under the Dramshop Act, could be sued as owner only in the name in which he held title, and that was 'Frank Rathje, Successor Trustee.' '' So, from the record in this case the question is whether the defendant is a party to the litigation as a trustee or as an individual. From the pleadings it does not seem that the defendant as an individual is a party thereto, because of the entry of the order of March 9, 1935, whereby the court sustained the motion of defendant Frank C. Rathje to be dismissed from the complaint individually, and denied his motion as successor trustee to strike said complaint.

The title to the property in question which Rathje received an order to take possession of, was as trustee to the Foreman Trust and Savings Bank as trustee under a certain indenture of trust dated August 1, 1927, to which we have heretofore called attention.

It is evident that the only title Rathje ever received by the appointment of the court was as successor trustee, and this is from the record as we have stated it. So far as Rathje's being in the case as an individual when he filed his answer to the fourth amended complaint, it would seem far fetched to say under the facts that Rathje is a party to this litigation, as indicated by the plaintiff. So the question is whether Rathje can be held liable as a successor trustee for the damages sustained by the plaintiff.

One of the late expressions of the Supreme Court upon a like question is to be found in the case of *Equitable Trust Co. v. Taylor,* 330 Ill. 42. The court said: ''A trustee is personally liable for torts committed by him or by his agents or servants in the performance of his duties, but he is not liable in his representative

capacity, as the law will not allow trust property to be impaired through the negligence of the trustee or permit him to create any new or additional liabilities against the trust property. The trust estate can make no contract and commit no tort, and if a trustee binds himself for the benefit of the trust estate the contract is his personal contract. Though he describes himself as trustee he is personally liable for its breach, and a personal judgment is the only judgment which can be rendered against him. An action against a trustee in his representative capacity is unknown to a court of law, for the law takes no cognizance of the trust relation.''

It is to be noted from this decision of the Supreme Court that the law is that a trustee is only personally liable for breach of contract, and a personal judgment is the only judgment which can be rendered against him, and in the case just cited, the court calls attention to decisions that have a material bearing upon the question as to whether a trustee is individually or as a trustee liable for any acts that may affect the trust estate. The first authority on which the court relies in support of its opinion is the case of *Johnson v. Leman,* 131 Ill. 609, in which it is held that a trustee cannot create a lien on the trust estate, even by his contract, without express authority given by the instrument creating the trust. Then the case of *Bradner Smith & Co. v. Williams,* 178 Ill. 420, holding that an assignee for the benefit of creditors, though he continues the insolvent's business by order of the court, is personally liable on contracts made by him for the estate in the absence of express contrary agreement, and this personal liability does not depend upon whether the charge would be a proper one against the fund or estate or whether he should be allowed reimbursement for the money paid.

In the case of *Wahl v. Schmidt*, 307 Ill. 331, a man by the name of Schmidt died, leaving an estate consisting of real and personal property, all of which he devised to three trustees to manage for a period of 15 years. The trustees took possession of the property and managed the same. A part of the property of the estate was a building on West Ontario street, in Chicago, which was leased by the trustees to the Crescent Paper Box Manufacturing Company. A water tank had been constructed on the roof of this building, and the support sustaining it gave way and it fell through the building, causing the death of one of the employees of the manufacturing company. An action on the case was instituted against the manufacturing company and the surviving trustees, and judgment was entered for $7,000. The judgment was against the owners of the building as trustees. The cause was appealed to the Appellate Court where the judgment was affirmed, and the Supreme Court denied certiorari. Certain of the beneficiaries of the estate filed bills for an accounting in the matter, which was a chancery proceeding, and certain appeals had been prayed to the circuit court from orders entered in the probate court. On motion, the chancery proceeding and the pending appeals were consolidated under title of one of the bills for an accounting. The consolidated case was referred to a master. While the cause was thus pending the holder of the judgment obtained against the trustee in the court of law filed an intervening petition setting up the existence of the judgment and praying that the court direct that assets of the trust estate, sufficient to pay the judgment, be applied for that purpose. The trial court after a hearing found that the judgment obtained at law was a first lien on the trust assets. On appeal the Appellate Court reversed this decree. The sole remaining trustee, in his individual capacity, appealed to

the Supreme Court for certiorari for the reason that the Appellate Court's finding was that he was liable for payment of the judgment individually, and not as trustee. The court said:

"In a court of law a trustee having the legal title to real estate, together with the right of possession, is regarded as the owner of the property, having all the rights and subject to all the liabilities of ownership. (1 Perry on Trusts, sec. 321.) The duties of the trustee as owner make him personally liable for torts committed by him or by the agents or servants in his employ. (*Norling v. Allee,* 13 N. Y. Supp. 791; *Shepard v. Creamer,* 160 Mass. 496; *Belvin's Exrs. v. French,* 84 Va. 81; *O'Malley v. Gerth,* 79 N. J. L. 610; *Louisville Trust Co. v. Morgan,* 180 Ky. 609.) A trustee is not liable in his representative capacity for an injury caused by his negligence in the management of the property held in trust. (*Parmenter v. Barstow,* 22 R. I. 245.) That was an action brought against trustees, in their representative capacity, for an injury negligently caused by their servant engaged in chiseling stone on premises of which they held the legal title as trustees, to a person walking on the sidewalk. It was stated in that case that the law will not allow trust property to be impaired or dissipated through the negligence or improvidence of trustees, nor will it permit them to create any new or additional liabilities against the same. The beneficial interest thereof belongs to the *cestuis* and it must be held intact for them. So it was held that trustees having the title to real estate were not liable in their representative capacity to persons rightfully on the premises for injuries received on account of the negligence of the trustees in permitting the premises to be out of repair. (*Keating v. Stevenson,* 21 App. Div. 604.) Trustees are not liable for injuries to a person on a sidewalk caused by the negligence of the trustees in regard to the repair of abut-

ting premises, (*Norling v. Allee, supra,*) or for negligence in keeping the sidewalk in repair. *Moniot v. Jackson,* 40 Misc. 197."

In the consideration of the case this court has reached the conclusion that defendant Frank C. Rathje is not liable as successor in trust of the estate of the beneficiaries, and for that reason, in applying the rules of law that have been established by the Supreme Court, the judgment as to Frank C. Rathje, successor in trust, must be reversed.

Other objections have been called to our attention, but in view of the court's conclusion it will not be necessary to consider them.

Judgment for the plaintiff against Frank C. Rathje, as successor in trust, is reversed.

*Judgment reversed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.