**Hibernian Banking Association, Trustee, Appellant, v. Helen D. Roseboom, Appellee.**

1. TRUSTS, § 142*—*when trustee under will liable for commission of agent finding purchaser for land.* A trustee under a will, with power to sell real estate, had power to employ an agent to find a purchaser, and was liable to him for commissions upon finding a purchaser.

2. TRUSTS, § 137*—*when trustee under will does not delegate powers of sale to agent.* The rule that a trustee under a will cannot lawfully delegate his powers of sale to an agent had no application to the employment by a trustee of an agent to find a purchaser, where such agent neither conveyed the lands as agent of the trustee, nor executed the contract on the trustee's behalf.

3. TRUSTS, § 137*—*when trustee may employ solicitors and agents.* Although trustees may not in general delegate their powers, yet they may employ solicitors and agents to do ministerial acts, such as the sale of property and acts of that nature, the trustees retaining a supervisory power over them.

4. TRUSTS, § 221*—*when trustee entitled to credit for payment*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*of commission to agent.* An agent employed by a trustee to sell real estate had the right to retain her commission and remit the balance to the trustee; and her compensation being a legitimate debt of the trust estate and one which the trustee had authority to contract as such, such trustee was entitled to receive credit in its accounting of the trust funds for such payment.

5. TRUSTS, § 221*—*when trustee may indemnify himself out of estate.* A trustee who is compelled to discharge the debt of the trust estate in his personal capacity may lawfully indemnify himself out of such estate.

Appeal from the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 9, 1919.

J. W. and E. C. CRAIG and THOMAS B. MARSTON, for appellant.

BRYAN H. TIVNEN, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

The Hibernian Banking Association of Chicago, acting as trustee under the last will and testament of Cora Anderson Roseboom, deceased, brought this suit in assumpsit against Helen D. Roseboom to collect the sum of $850, part of the proceeds of the sale of certain real estate belonging to the trustee estate, together with accrued interest. The cause was heard before the court without a jury and a judgment was rendered in favor of the defendant, appellee in this court.

The land in question consisted of 320 acres located in Bolivar County, Mississippi. The land was sold through the efforts of appellee for $17,000 cash and was conveyed by warranty deed December 31, 1915, by appellant to one S. D. Knowlton. Appellee collected the money and paid the same to appellant, less

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

her expenses in having the abstract brought down to date, and a commission of 5 per cent of the purchase price, being the sum of $850 sued for. Two principal contentions are made by appellant and urged as reasons why the judgment should be reversed. It is first submitted that the evidence does not show an express contract between the parties that appellant should pay to appellee 5 per cent of the purchase price as her commission in procuring the sale of the land, and there being no evidence of what such services were reasonably worth, she cannot recover. The other contention is, that, if it should be conceded that such an express contract is established by the evidence, then appellee had no lawful right to retain her commission out of the proceeds of the sale because the latter were trust funds and the entire amount thereof should have been delivered to the trustee, and her only recourse would be an action against the trustee personally on such promise.

The evidence consists chiefly of numerous letters and telegrams between E. R. McFadden, secretary of appellant, and appellee. No useful purpose would be served in referring to these in detail, but, in our opinion, they fully establish an express contract between the parties that appellee should receive 5 per cent commission on the purchase price for securing a sale of the lands in question.

The evidence fully establishes the fact that the sale of the lands was solely brought about through the conscientious and successful efforts of appellee. It was stipulated in the trial that the trustee under the will had authority to sell, rent or lease the property in controversy and to employ agents to sell and procure buyers. It is insisted by counsel for appellant that appellee is not entitled to any commission for the reason that the trustee could not lawfully delegate its powers of sale to her as an agent. The legal proposition presented is undoubtedly correct, but it has no application to

the facts in this case. Appellee did not, herself, convey the lands as the agent of a trustee nor did she execute any contract on the trustee's behalf for the sale thereof. All she did was to procure a buyer for the same at a price and on the terms agreed to by appellant. In the case of *Coleman v. Connolly*, 242 Ill. 574, the court, in discussing a similar proposition, said: "The power of sale was vested by the will in the trustees and executrices. It was a personal trust and confidence reposed in them and could not be delegated to an agent. It would have been competent for the trustees and the executrices to employ an agent to find a purchaser, but the sale and contract therefor could only have been made by them." In *Gillespie v. Smith*, 29 Ill. 473, the court held: "We know of no rule of law forbidding the absolute owner of land from employing an agent to conduct the mechanical parts of a sale, or acting as the auctioneer, even if the legal title is held on a trust declared. It is the uniform practice to employ an agent to advertise and sell lands under such deeds. It is no delegation of any trust confided to the trustees. Although trustees may not in general delegate their powers, yet that they may employ solicitors and agents to do ministerial acts, such as the sale of property and acts of that nature, the trustees retaining a supervisory power of them, has never been questioned."

Appellant could lawfully employ appellee to procure a purchaser of the lands in question, and an employment necessarily includes an agreement to pay reasonable compensation for the services performed. Appellee could undoubtedly have sustained an action for her compensation against appellant in its personal capacity, and in such case, if appellant should have been thus compelled to discharge the debt of the estate, he might lawfully have indemnified himself out of the same. *Sperry v. Fanning*, 80 Ill. 371. Appellee had the right to retain her commission and remit the

balance to appellant, and her compensation being a legitimate debt of the trust estate and one which appellant, as trustee, had authority to contract as such, it is entitled to receive credit in its accounting of the trust funds for the payment thereof.

Other errors have been argued which we do not consider of sufficient merit to warrant a discussion.

The judgment of the Circuit Court is affirmed.

*Affirmed.*