THIRD DISTRICT—APRIL, 1920.     407

Prairie State Grain and Elevator Co. v. Wrede, 217 Ill. App. 407.

# Prairie State Grain and Elevator Company, Appellee, v. Alvin W. Wrede, Appellant.

1. BROKERS, § 8*—*when evidence establishes relation as broker.* In an action to recover damages for breach of a contract for the sale of grain, evidence *held* sufficient to support a finding that the person who negotiated the purchase was acting as plaintiff's broker and that defendant knew that he was so acting and sold to him as such and not on his own account.

2. FRAUDS, STATUTE OF, § 77*—*sufficiency of signature to sale of personalty.* The requirements of the Statute of Frauds are satisfied by affixing to the memorandum for the sale of personalty a printed signature adopted and used by the person affixing it as his signature for many years.

3. SIGNATURES, § 2*—*when printed signature is effective.* A printed signature adopted and used by a person as his signature is as much his signature as if it had been personally written by him with pen and ink.

4. BROKERS, § 7*—*when employment of broker is question of fact.* In an action to recover damages for breach of a contract for the sale of grain, where defendant claims that the sale was made to the person negotiating it on his own behalf and claims that such person was acting as plaintiff's broker in the transaction, and the evidence is conflicting, the question of agency is for the jury.

5. BROKERS, § 15*—*what constitutes ratification of sale.* Where one negotiating the purchase of goods sends to the seller a memorandum signed by him reciting the sale of such goods to a third person with the terms of the sale, which the seller never repudiates, though requested to do so if the memorandum is correct, the seller thereby ratifies the act of the negotiator and is bound by the recitals in the memorandum.

6. APPEAL AND ERROR, § 893*—*necessity of index to abstract.* A judgment should be affirmed where the abstract has no index as is required by the rules of the Appellate Court and contains no reference to any assignments of error.

Appeal from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SCHNEIDER & SCHNEIDER, for appellant.

M. H. SCOTT and CLOUD & THOMPSON, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellee, a corporation of Chicago engaged in the buying of grain from grain dealers and reselling it in eastern and southern markets, obtained a judgment against appellant, a grain dealer at Piper City, Illinois, in the circuit court of Ford county, for $1,140, on the claim that appellant had sold to appellee 2,000 bushels of corn to be delivered during the year 1917 at $1.04 per bushel; that appellant failed to deliver the corn as agreed, and that appellee was damaged by such failure to the amount of the judgment secured. Appellant does not deny that he sold the corn for $1.04 per bushel but contends that it was sold to one Ben. B. Bishopp of Sheldon, Illinois, while appellee insists that Bishopp was a grain broker and was acting in that capacity in purchasing the corn, that he, Bishopp, purchased it for appellee and that appellant knew that Bishopp was acting for appellee when he purchased it.

The jury were justified by the evidence in finding that Bishopp, acting as broker, purchased the corn for appellee. Bishopp testified that on August 26, 1917, he mailed a card to appellant on which was contained an offer of $1.04 per bushel for No. 4 yellow corn, the same to be shipped to appellee at Snyder, Indiana, during the year; that the next morning appellant called him up by telephone and told him to book 2,000 bushels of No. 4 corn for appellee; that thereupon he made out a memorandum of sale in duplicate confirming the sale from appellant to appellee and sent a copy of it to each of the parties by mail; that this memorandum was signed by Bishopp in printing and

contained the request that if any error had been made in filling the blanks therein he should be notified of it; that appellant did not notify Bishopp of any mistake in the memorandum; that after the time for the delivery of the corn had expired and the corn had not been delivered, Bishopp talked with appellant both face to face and over the telephone about the deal. In these conversations the sale was talked about as having been made to appellee and appellant promised to send corn and money to appellee in settlement of the deal. Mr. Henry A. Rumsey, treasurer of appellee, testified that appellant, after the time for delivery of the corn had been extended from time to time, told him to close the deal, that the deal was closed when the corn was worth $1.61 at Piper City; that he told appellant the deal was closed and he said "all right." A Mr. John H. Wheeler, a broker, also testified that he was on an extension telephone while Rumsey was talking to appellant and that he heard the conversation testified to by Rumsey; that appellant then told Rumsey he would send corn and oats to balance the account as soon as he could get cars. While appellant took the stand in his own behalf, his testimony did not contradict that produced by appellee in the essential particulars.

Appellant next contends that the memorandum offered in evidence made by Bishopp in duplicate and sent to each of the parties is not sufficient to take the contract out of the Statute of Frauds applying to sales of personal property to the value of $500 or upwards, because the signature of "Ben. B. Bishopp, Grain Broker" was a printed signature and because Bishopp was not the agent of appellant.

The printed signature of Bishopp as broker was one that had been adopted and used by him for years and was as much his signature as if it had been personally placed on the memorandum with pen and ink.

Whether Bishopp was the agent of appellant in

410    APPELLATE COURTS OF ILLINOIS.

Prairie State Grain and Elevator Co. v. Wrede, 217 Ill. App. 407.

this matter was a question of fact for the jury. The evidence warranted the verdict returned which amounts to a finding that he was such agent. The fact established by the evidence, that Bishopp sent to appellant as well as to appellee a memorandum signed by him reciting a sale of 2,000 bushels of corn by appellant to appellee together with the terms of the sale, which appellant never repudiated in any way, although requested so to do if the same was incorrect, was in itself a sufficient ratification of the acts of Bishopp there recited to bind appellant. *Eau Claire Canning Co. v. Western Brokerage Co.*, 213 Ill. 561.

The jury were fully and properly instructed, and the verdict is in accord with the weight of the evidence.

Aside from the merits of the questions presented, the judgment should be affirmed because the abstract has no index which is required by the rules of this court, neither does it contain any reference to any assignments of error.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*