**W. G. Smith, Appellant, v. Frank Reisch et al., Trustees, Trading as Annie Reisch Investment Company, Appellees.**

Gen. No. 9,496.

46

Opinion filed May 28, 1946. Released for publication June 24, 1946.

MARK O. ROBERTS, of Springfield, and VICTOR HEMP-HILL, of Carlinville, for appellant.

BARBER & BARBER, of Springfield, for appellees.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

This is a suit upon two notes, one in the sum of $4,700, the other for $15,000 signed by Frank Reisch and Sue M. Reisch followed by the phrase "Trustees, trading as The Annie Reisch Investment Company, a Common Law Trust of Sangamon County, Illinois." The notes were dated October 3, 1932; were due in four months, and were payable to Ridgely-Farmers State Bank. Nine years after maturity plaintiff, W. G. Smith, purchased these notes and others of a total face value of $390,000 from the receiver of the payee bank for $4,455. This action was begun by a complaint and cognovit in the circuit court of Sangamon county and judgment was entered by confession against the makers individually and as trustees. The individual defendants filed motions to open the judgment against them individually for stay of execution and for hearing on the merits. Subsequent pleadings were filed by both plaintiff and defendants including a motion for summary judgment by defendants which was allowed by the court. As a result, the judgment against defendants individually was vacated. Plaintiff Smith has appealed to this court.

Defendants rely upon section 20 of the Negotiable Instruments Law [Ill. Rev. Stat. 1945, ch. 98, par. 40;

Jones Ill. Stats. Ann. 89.040] to escape personal liability. That section provides: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as agent or as filling a representative character without disclosing his principal, does not exempt him from personal liability."

Plaintiff contends first that this section is of no avail because a principal and agent relationship does not exist between a common law trust and its trustees. He has cited authorities holding that such a trust is not a legal entity and hence cannot be a disclosed principal. *Guthmann v. Adco Dry Storage Battery Co.*, 232 Ill. App. 327; *Moskal v. New Era Commercial Ass'n*, 228 Ill. App. 278. This argument, however, overlooks the fact that the statute protects not only agents but persons "signing in a representative capacity as well." Defendants signing as trustees clearly acted in such capacity. Brannon, Negotiable Instruments (6th Ed.) 312.

Plaintiff also contends that, assuming section 20 does apply here, defendants failed to adopt words disclosing their representative capacity. We do not agree. "Whenever a form of instrument is such as to fairly indicate to the eye of common sense that the maker signs as agent or in a representative capacity, he is relieved of personal liability if duly authorized." *Zavadil v. Norris*, 287 Ill. App. 627 (Abst.). This phrase added to defendant's signatures here clearly indicated their representative capacity.

Plaintiff argues further that section 20 applies only if the obligation in question was one that the persons executing it were authorized to make and that there is no express authorization in the trust instrument authorizing defendants to execute judg-

ment notes. The trust instrument authorizes the trustees to execute notes and "to do all `acts and things which in their judgment are necessary, proper and advantageous or expedient to promote the complete and most successful execution of this trust . . . ." It further provides that "the powers of the trustees hereunder shall be construed as the general powers of citizens of the United States to act collectively and to do any lawful things which citizens may do in any state or country, excepting only for the limitations herein expressed." We believe these provisions are broad enough to authorize the execution of judgment notes. Nor do we find any merit in plaintiff's argument that judgment clauses are operative only in suits at law while a trustee can be sued in a representative capacity only in equity. While it is true there is broad language in *Wahl v. Schmidt,* 307 Ill. 331, supporting plaintiff's contention that case involved the liability of a trust estate in tort, we believe that our decision in *Newby v. Kingman,* 309 Ill. App. 36, recognizes the liability at law of the trust estate for authorized contracts and that that decision should control here.

We have examined carefully the numerous arguments advanced by plaintiff as grounds for a reversal here but find them without merit. It would serve no useful purpose to extend this opinion to cover them all. We believe the judgment of the circuit court of Sangamon county is correct and should be affirmed.

*Judgment affirmed.*