**T. M. Shircliff, Plaintiff-Appellee, v. Dixie Drive-In Theatre, Inc., Defendant-Appellant.**

Gen. No. 10,015.

Third District.

October 19, 1955.

Released for publication November 4, 1955.

Graham, Wise & Meyer, of Danville, for appellant.

Acton, Baldwin, Bookwalter & Meyer, of Danville, for appellee; Matthew E. Welsh, of Vincennes, Indiana, of counsel.

MR. PRESIDING JUSTICE HIBBS delivered the opinion of the court.

On February 10, 1950 at Vincennes, Indiana, Roy O'Keefe, president of Dixie Drive-In Theatre, Inc., executed a promissory note payable to T. M. Shircliff in the sum of.$2,000 to obtain funds which O'Keefe represented were to be used to pay certain taxes owed by Dixie Drive-In Theatre, Inc. The note was signed, "Roy O'Keefe, President Dixie Drive-In Theatre Inc." Shircliff turned over to O'Keefe a check for $2,000 which the latter deposited in the corporation's account in the Second National Bank of Danville, Illinois. A few days later O'Keefe withdrew $2,000 from this account to pay a personal obligation. Neither the principal or any interest on the note has ever been paid. O'Keefe, personally, was declared a bankrupt on June 1, 1951 but the note in question here was not scheduled in the proceedings. Shircliff filed this suit on the note in the Circuit Court of Vermilion County on September 30, 1953 against the corporation. The court heard the matter without a jury and entered judgment for plaintiff on September 23, 1954. The defendant corporation has appealed to this court.

██ The law of Indiana must be applied here since the note was executed and delivered there. (Davis v. Mosbacher, 252 Ill. App. 536.) Defendant contends that under the decisions of that State the words, "Pres-

371

ident, Dixie Drive-In Theatre Inc." added to O'Keefe's name are merely descriptio personae and do not obligate the corporation on the note. In Prescott v. Hixon, 22 Ind. App. 139, 53 N. E. 391, a promissory note signed "O. O. Prescott, Pres. Mid. B & Cheese Co., M. A. Cordrey, Sect. Cr. & Cheese Co." was held to be the personal obligation of the makers and not an obligation of the corporation. It does appear that this was the settled law in Indiana until the adoption of the Uniform Negotiable Instruments Act in 1913. See collection of cases in Prescott v. Hixon, supra and in Second Nat. Bank v. Midland Steel Co., 155 Ind. 581, 58 N. E. 833, both decided before the adoption of the Uniform Act. It should be noted, however, that in the latter case the Supreme Court of Indiana recognized that this rule is subject to question. The court there said: "In reviewing the cases in this State, it will be observed that the court, while adhering to the rule that the words affixed to the names of the persons signing an instrument are to be treated as mere descriptio personae, deprecates the doctrine as an unreasonable one, and holds, whenever possible, that when the contract itself shows that the words were not merely descriptive of the person they will not be so regarded."

Section 20 of both the Illinois and Indiana Uniform Negotiable Instruments Act [Ill. Rev. Stats. 1953, ch. 98, § 40; Jones Ill. Stats. Ann. 89.040] provides: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; . . ." This section has not been construed by the courts of review in Indiana since its enactment but defendant contends that it does not change the rule set forth in the Prescott case, supra.

██ In Illinois, early decisions enunciated a rule similar to that followed in the Prescott case. (Powers v. Briggs, 79 Ill. 493; Hypes v. Griffin, 89 Ill. 134; Scan-

372

lan v. Keith, 102 Ill. 634.) Our courts have held, however, that since the adoption of the Uniform Act in this State, Ill. Rev. Stat. 1955, Chap. 98, par. 40, Section 20 is to be construed as changing the rule. In Tampa Investment & Securities Co. v. Taylor, 272 Ill. App. 541, the court said at page 549: "Section 20 changed the previous rule that a name followed by a designation as to some relationship to another would be considered only descriptio personae and the maker therefore personally liable. Professor Brannan says (Brannan's Negotiable Instruments Law, 4th ed., p. 164): 'The plain language of this section indicates that it was the intention of the draftsman and the commissioners to clear up the unnecessary and unpardonable confusion caused by the failure of some of the courts to exercise a little common sense and to recognize mercantile usage. Much of the difficulty found in this subject is purely manufactured and would not trouble a business man for a moment.' " Thus, in Illinois, whenever an instrument discloses that its maker signs in a representative capacity the obligation is that of the principal if the agent was duly authorized and the weight of authority elsewhere seems to be in accord with this view. (Smith v. Reisch, 329 Ill. App. 45, 67 N.E.2d 304. See 8 Am. Jur. 221, secs. 474-480. While we cannot predict with certainty how the Supreme Court of Indiana will construe Section 20, we believe in view of its expressed dissatisfaction with its earlier decisions that it would follow the construction generally adopted elsewhere and set forth above.

■ Furthermore, we believe it is a sound principle of law that in cases of this kind where the sister State has not construed its statute, the courts of this State, when called upon to construe it, will place thereon the same construction as has been applied by the courts of last resort of this State to a like statute in effect in this State.

There remains the further question of O'Keefe's authority to bind the corporation. It is true, as defendant points out, that there is no proof that the corporation expressly authorized O'Keefe to execute the note. The courts of Indiana recognize however that the president of a corporation permitted to act with apparent authority by his board of directors may bind the corporation. (Elkhart Hydraulic Co. v. Turner, 170 Ind. 455, 84 N. E. 812; Baum v. Nord, 88 Ind. App. 674, 164 N. E. 294.)

The trial court found that "O'Keefe, as President, transacted the entire business of the corporation, and, in fact, the directors were apparently a little less than nominal, if possible. Under these circumstances the corporation held him out as the agent to transact business. There is nothing in this transaction but what would ordinarily be included in the ordinary business of the corporation." We believe these conclusions are supported by the proof in this case and should not be disturbed by this court. (In re Will of Gleeson (Colbrook v. Black), 1 Ill.App.2d 409.) O'Keefe himself testified that he was the only person who spoke for the corporation at the time the note in question was executed. While the borrowing of money to pay taxes may or may not be in the ordinary course of a business, depending upon other facts, we believe the trial court was justified in so finding here where O'Keefe was in fact, the corporation.

The judgment of the Circuit Court of Vermilion County is affirmed.

Judgment affirmed.