DUANE E. WOLFRAM, Plaintiff-Appellant, *v.* DR. MAHMOUD A. HALLOWAY, Defendant-Appellee.

First District (5th Division)   No. 76-809

Opinion filed March 11, 1977.

Frank R. Wiemerslage, of Park Ridge, for appellant.

Goldstein & Du Bois, Ltd., of Chicago (A. Marcy Newman and Harold Rosen, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from the entry of a summary judgment in defendant's favor contending that summary judgment was improper because there existed a genuine issue of material fact as to whether he was personally liable on the note as an accommodation indorser upon defendant's default.

Plaintiff's amended verified complaint alleged that he was a manager of

a branch office of the Home Life Insurance Company (Home); that defendant purchased an insurance contract through Gregory Amantu, Home's field underwriter, for an annual premium of $2,551. He further alleged that defendant executed and delivered a note for $2,551 payable to Madison Bank & Trust Company (Bank), and that he signed the note as an accommodation party and as defendant's surety. The note, which was attached to the complaint as an exhibit, was signed in the lower right hand corner by defendant and in the lower left hand corner by plaintiff as follows:

"Endorsed without recourse

* * *

by <u>Duane S. Wolfram</u><br>(Manager)"

Plaintiff also alleged that when defendant defaulted on the note at due date, he paid $2,551 in satisfaction of defendant's obligation and that defendant refused to repay any sum to him despite his demands.

Defendant did not answer or otherwise reply to plaintiff's amended verified complaint. Instead, he filed a motion for summary judgment on the grounds that he was entitled to judgment as a matter of law alleging that plaintiff lacked the capacity to sue and that the complaint failed to state proper causes of action.

The trial court granted defendant's motion, but allowed plaintiff 28 days to file a second amended complaint before the judgment would take effect. Plaintiff chose not to replead and this appeal followed.

OPINION

Plaintiff contends a summary judgment was improper because there exists a genuine issue of material fact as to whether he was personally liable on the note as an accommodation indorser upon defendant's default. Defendant, having chosen neither to answer plaintiff's complaint nor to support its motion for summary judgment with affidavits, argues that, as a matter of law, plaintiff had no personal liability to pay the note upon defendant's default because he signed the note as the agent of Home. Plaintiff argues that he was the manager of his own insurance office which sold Home policies, and that his signature as "(Manager)" was in his capacity as a sole proprietor making him individually liable as defendant's accommodation indorser.

■■■ Section 3—403 of the Uniform Commercial Code provides in pertinent part:

"(2) An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity." (Ill. Rev. Stat. 1975, ch. 26, par. 3—403(2)(a), (b).)

Subsection 2(b) makes it clear that parole evidence is admissible between the immediate parties in any case where the agent signs in a representative capacity, but does not name his principal. (See Ill. Ann. Stat., ch. 26, par. 3—403, Ill. Code Comment subsec. (2), par. (b), and Uniform Commercial Code Comment 3 (Smith-Hurd 1963).) Thus, because the signature, "Duane S. Wolfram (Manager)" shows a possible representative capacity, but does not name the person represented, we believe that plaintiff's capacity to sue was a question of fact, not of law, which was subject to proof by evidence beyond the face of the note. Consequently, the trial court erred by entering a summary judgment.

■■■ Nonetheless, defendant argues that even if plaintiff signed the note in his individual capacity, he had no obligation to discharge the debt because he indorsed without recourse. Every indorser engages that upon dishonor and any notice of dishonor and protest, he will pay the instrument according to its tenor at the time of his indorsement to the holder of the note. (Ill. Rev. Stat. 1975, ch. 26, par. 3—414(1).) Although a qualified indorsement does absolve the indorser from liability on the instrument, it does not insulate the indorser from liability based upon a breach of the warranties contained in section 3—417(2)(a), (b), (c) and (e) and section 3—417(2)(d) as limited by section 3—417(3). (Ill. Rev. Stat. 1975, ch. 26, pars. 3—417(2)(a), (b), (c), (d), and (e), and 3—417(3).) Whether plaintiff was liable to the Bank for breach of one of these warranties as a result of an act by defendant is a further question of material fact which precluded summary judgment.

For the reasons given, we reverse the judgment of the circuit court and remand for further proceedings not inconsistent with the views herein.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.