157 N.J. Super. 57 (1978)
384 A.2d 538
THE WOOD PRESS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
DAVID EISEN, INDIVIDUALLY AND D/B/A HOME FASHIONS GUILD, DEFENDANT-APPELLANT, AND HOME FASHIONS GUILD, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1978.
Decided March 6, 1978.
*59 Before Judges ALLCORN, MORGAN and HORN.
Mr. Burton T. Cohen argued the cause for appellant (Messrs. Okin, Pressler & Shapiro, attorneys).
Mr. Harvey D. Brooks argued the cause for respondent (Messrs. Hartmann, Brooks and Fraioli, attorneys).
PER CURIAM.
Defendant David Eisen appeals from a final judgment holding him liable as a comaker on a series of notes naming plaintiff as payee. Plaintiff, a commercial printer, had done some work for defendant Home Fashions Guild, Inc., a New York corporation which published furniture catalogues, beginning in February 1975. By July 1975 Home Fashions had amassed an outstanding bill with plaintiff of over $50,000. Plaintiff's president, Robert E. Wood, discussed the account with Eisen, who had become president of Home Fashions upon the death of the previous president shortly prior to the meetings but after the bills had been incurred. A series of notes was prepared in Home Fashions' office, with varying due dates and in varying amounts, but otherwise in the same format, as follows:
*60 * * * we promise to pay to the order of WOOD PRESS, INC. [amount] with interest at 9% at Chase Manhattan Bank, 535 5th Ave. N.Y.N.Y.
 HOME FASHIONS GUILD, [stamp]
 David Eisen [Handwritten signature]
Wood testified that Eisen had promised to be personally liable on the notes, while Eisen denied ever making such a promise or intending to take on such an obligation. Accordingly, plaintiff claimed Eisen's signature was made in a personal capacity, while Eisen asserted that it was made solely in a representational capacity for the corporation. The first note was paid when submitted to Home Fashions' account in the bank named in the note, but the remainder, totalling $33,000 in value, were not paid.
Plaintiff brought this action against defendants on the underlying debt on book account, account stated and implied contract theories, and on each of the notes. Home Fashions made an assignment for the benefit of creditors and plaintiff filed a claim pursuant to the assignment. Therefore, it did not prosecute its claim against the corporation in this action. The counts of the complaint concerning the underlying debt were dismissed as to Eisen because the debt was solely that of the corporation and plaintiff has not appealed from that dismissal. A count on the paid note was also dismissed. Judgment for $33,000, the principal balance of the remaining notes, was entered against Eisen as a comaker of the notes, upon a finding that Eisen had signed in a personal rather than representational capacity. Plaintiff waived any claim for interest.
This dispute is governed by the Uniform Commercial Code  "Commercial Paper", N.J.S.A. 12A:3-101 et seq., and more particularly by N.J.S.A. 12A:3-403, which in pertinent part provides:
(2) An authorized representative who signs his own name to an instrument

* * * * * * * *

*61 (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity * * *. [Emphasis supplied]
The emphasized language makes it clear that in litigation between the immediate parties, such as this action, parol evidence is admissible to prove that a signature by an alleged representative on an instrument which names the person represented but does not show that the representative signed in a representative capacity was in fact made in his representative capacity. New Jersey Study Comment, N.J.S.A. 12A:3-403 at 204; U.C.C. Comment, N.J.S.A. 12A:3-403, pocket part at 20 (1977). The trial judge here properly permitted the parties to adduce testimony as to the circumstances attending the execution of the notes.
Defendant challenges the judge's reliance upon O.P. Ganjo, Inc. v. Tri-Urban Realty Co., Inc., 108 N.J. Super. 517 (Law Div. 1969), as a precedent for resolving the conflicting evidence concerning the nature of the capacity in which Eisen signed the notes. The judge clearly did rely on that case. Although he pointed out that he was not bound to follow the decision, he characterized it as "a case right on the nose" and "very persuasive," and it was the only case he referred to in his decision.
We agree with defendant that there is a crucial distinction in fact between O.P. Ganjo and this case. In O.P. Ganjo a holder in due course brought an action on a note signed as follows:
 TRI-URBAN REALTY CO. INC.
 GEORGE MOSKOWITZ
George Moskowitz was the president of Tri-Urban Realty Co., Inc. The judge in that case found that since the note named the person represented (Tri-Urban) but did not show that Moskowitz was signing in a representative capacity, *62 Moskowitz was personally liable as a matter of law by operation of N.J.S.A. 12A:3-403(2)(b). 108 N.J. Super. at 524.
The crucial difference between that case and this one is that the plaintiff in O.P. Ganjo was a holder in due course, not an immediate party to the note. Prior to enactment of N.J.S.A. 12A:3-403(2)(b), parol evidence as to the capacity in which the alleged representative signed was admissible against a holder in due course. See Norman v. Beling, 33 N.J. 237, 243 (1960). However, the statute has changed that rule. Such evidence is admissible only in litigation between the immediate parties, not in litigation with a holder in due course. New Jersey Study Comment, N.J.S.A. 12A:3-403 at 204; see Weather-Rite, Inc. v. Southdale Pro-Bowl, Inc., 301 Minn. 346, 222 N.W.2d 789, 790-791 (Sup. Ct. 1974). As a result, the judge in O.P. Ganjo, which involved a holder in due course, properly found the alleged representative personally liable as a matter of law. Extrinsic evidence concerning the representational capacity of Moskowitz was not admissible under N.J.S.A. 12A:3-403(2)(b).
The instant action, however, is litigation between the immediate parties to the notes. Parol evidence was admissible under the statute to resolve the ambiguity as to Eisen's signatory capacity. We are satisfied that the judge's decision that Eisen was personally liable would have been amply supported by adequate substantial evidence in the form of Wood's testimony. The logic thereof is especially appealing in view of the testimony of Wood, as acknowledged by Eisen, that Home Fashions was indebted to plaintiff to the extent of at least $30,000 on the date when the notes were given. We believe, however, that the trial judge's erroneous reliance on O.P. Ganjo, supra, and his quotation from that part of that decision in which the judge had found Moskowitz liable as a matter of law indicates that the judge did not weigh the conflicting testimony here. The trial judge should have determined liability or not of defendant Eisen on the basis of *63 findings of fact as supported by the credible evidence. See Dolson v. Anastasia, 55 N.J. 2, 7 (1969).
Finally, we find Eisen's argument that his motion for involuntary dismissal of plaintiff's complaint was erroneously denied to be without merit. Plaintiff's proofs could support a judgment in its favor under N.J.S.A. 12A:3-403(2)(b) and the motion was properly denied. R. 4:37-2(b). We perceive no merit to defendant's claim that the statute of frauds was a bar to plaintiff's recovery. We need not render any opinion as to plaintiff's claim at trial of "personal guarantee." The issue here was simply whether defendant was liable on the note as a co-maker.
For the foregoing reasons the judgment is vacated and the cause is remanded to the trial court for proceedings not inconsistent with the views expressed herein. We do not retain jurisdiction.