J. P. SIVERTSON & COMPANY, Plaintiff-Appellant, *v.* GERALD W. LOLMAUGH, Indiv. and as a Partner of L. T. G. Development, Defendant-Appellee.

Second District   No. 77-226

Opinion filed August 31, 1978.

Roger White and Steven B. Lunardi, both of White & Roux, of Lake Bluff, for appellant.

Ludolph J. Wilson, of Waukegan, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The plaintiff-appellant, J. P. Sivertson & Company, hereafter the plaintiff, appeals from a ruling of the circuit court of Lake County which vacated a confession of judgment on a promissory note. The sole issue before this court is whether or not the trial court, relying on section 3—403 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 3—403), properly admitted parol evidence to determine in what capacity the defendant-appellee, Gerald W. Lolmaugh, hereafter the defendant, signed the promissory note in question.

Upon a review of the record and after considering the arguments made, it is our judgment that the circuit court of Lake County should be affirmed.

On October 26, 1973, the defendant executed a promissory note to the plaintiff. The note was a demand note for $2,761.72 at 7 percent interest. The defendant signed the note in the following manner. On the first line he wrote the letters "L. T. G. De.," and then on the next line, immediately below the letters, the defendant affixed his signature.

The note contained a cognovit clause, and on March 18, 1976, the plaintiff confessed judgment on the note against the defendant. A hearing to confirm the judgment by confession took place on August 25, 1976. At that hearing, over the objection of the plaintiff, the defendant was permitted to introduce parol evidence which convinced the trial court that the defendant had signed the note as an agent for L. T. G. Development, Inc. Since the plaintiff does not attack the sufficiency of the evidence presented, it will suffice for us to say here that the evidence introduced showed a prior course of dealings between the plaintiff and L. T. G. Development, Inc., of which the defendant was an officer. After hearing the evidence, the trial court vacated the judgment by confession

against the defendant as an individual, finding that the defendant had signed the note as a duly authorized agent of L. T. G. Development, Inc.

The sole question raised by the plaintiff on appeal is whether the trial court properly admitted the parol evidence. The question of the sufficiency of that evidence is not before us.

Our disposition of this case is guided by section 3—403 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 3—403). That statute reads as follows:

> "(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
>
> (2) An authorized representative who signs his own name to an instrument
>
>> (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
>>
>> (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
>
> (3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." Ill. Rev. Stat. 1975, ch. 26, par. 3—403.

■■■ If there is a question as to whether or not a person signed as an individual or as an agent for a principal, parol evidence is admissible if, and only if, two criteria are met. First, the action must be between the immediate parties to the note. Secondly, there must be some indication of the existence of a principal or that the signator signed in a representative capacity. (*Wolfram v. Halloway* (1977), 46 Ill. App. 3d 1045, 361 N.E.2d 587; *Wood Press, Inc. v. Eisen* (1978), 157 N.J. Super. 57, 384 A.2d 538; *Dynamic Homes, Inc. v. Rogers* (Fla. App. 1976), 331 So. 2d 326. Also see Ill. Ann. Stat., ch. 26, par. 3—403, Ill. Code Comment subsec. (2), par. (b), and Uniform Commercial Code Comment 3 (Smith-Hurd 1963).) Because this action is between the immediate parties to the note, the question before us boils down to whether or not the letters, "L. T. G. De.," written by the defendant above his signature, were sufficient to "name the person represented" as is required by section 3—403(2)(b) of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 3—402(2)(b)). We find

that they are. A document may be signed by any mark or symbol placed on it with the present intention to authenticate the document. (Sections 1—201(39), 3—401(2) of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, pars. 1—201(39), 3—401(2)). Also see *Weston v. Myers* (1864), 33 Ill. 424; *Prairie State Grain & Elevator Co. v. Wrede* (1920), 217 Ill. App. 407; Ill. Ann. Stat., ch. 26, par. 1—201, Ill. Code Comment subsec. (39), and Uniform Commercial Code Comment 39 (Smith-Hurd 1963). The fact that the defendant wrote the letters above his signature is a clear indication that they were intended to authenticate the note by naming "the person represented." Accordingly, we hold that the two criteria for allowing in parol evidence under section 3—403(2)(b) of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 3—403(2)(b)), namely, that the action was between the immediate parties to the note and that the person represented was named, have been met and therefore the parol evidence was properly admitted by the trial court. Therefore, we affirm the judgment of the circuit court of Lake County.

Judgment affirmed.

RECHENMACHER and NASH, JJ., concur.