William L. WALLEN, Plaintiff,

v.

Graham LOVING, Jr., Defendant.

No. 84 C 1632.

United States District Court,
N.D. Illinois, E.D.

May 1, 1985.

**160**

Patrick J. O'Donnell, Brace & O'Donnell, Chicago, Ill., for plaintiff.

Richard B. Berland, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court is defendant's motion to transfer the case to the United States District Court for the District of Colorado pursuant to Title 28 U.S.C., Section 1404(a). For the reasons stated herein, the defendant's motion is granted.

## I. FACTS

This is an action for the failure to fulfill obligations in connection with a promissory note. The action was brought by William L. Wallen, who is domiciled in Illinois but has a residence in and owns or has an interest in a business which is located in Aspen, Colorado. The defendant, Graham Loving, Jr., is a resident of and domiciled within the State of Colorado. Venue is proper under 28 U.S.C. § 1391, and jurisdiction is proper under 28 U.S.C. § 1332.

Plaintiff's claim arises out of transactions which occurred almost ten years ago which gave rise to a promissory note in which Dan Weigner and C.M. Clark, both Colorado residents, and the plaintiff entered into negotiations for the purchase of, among other things, stock in Number One Main Corporation, a Colorado corporation, which owns premises commonly known as the Pomegranate Inn, located at or near Aspen, Colorado. The principal obligor of the promissory note is The Pomegranate Corporation, a Colorado corporation, and one of the co-signors and guarantors of the promissory note is the defendant, a resident of Colorado. The promissory note was also co-signed and guaranteed by Ludwig J. Czerhat, who was a resident of Colorado at the time of the transactions.

In consideration for the execution of the promissory note, the plaintiff was to deliver to The Pomegranate Corporation 25 shares of Class B common stock of Number One Main Corporation, the owner of the Pomegranate Inn. As part of this transaction, the plaintiff was to purchase 500 shares of the common stock of The Pomegranate Corporation for $5,000. Additionally, at the plaintiff's request, some of the funds due on the promissory note were transferred by The Pomegranate Corporation to Number Two Main Corporation, a Colorado corporation, the owner of the Plum Tree, which is located near Aspen, Colorado, so that the plaintiff could acquire stock therein.

## II. DISCUSSION

■ A change of venue is governed by 28 U.S.C. § 1404(a) which provides in pertinent part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1404(a) requires that the movant must establish "(1) that venue is proper in the transferor district; (2) that the transferor court has the power to transfer the case (that is, that the transferee court is in a district 'where it might have been brought'); and (3) that the transfer is for the 'convenience of the parties and witnesses in the interest of justice.'" *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill.1982). Requirements (1) and (2) are met in this case. Since the plaintiff resides in Illinois, venue is proper in this district. In addition, this action could have been brought in the District of Colorado, which has proper venue

and jurisdiction, because defendant resides there under 28 U.S.C. §§ 1332 and 1391.

The Court now turns to requirement (3). A "clear balance of inconvenience" in this district over the transferee district must be shown by the movant to support a motion to transfer. *Id.; see also S.E.C. v. First National Finance Corp.*, 392 F.Supp. 239, 240 (N.D.Ill.1975). In determining whether the movant has met this burden, the Court must consider the factors specifically mentioned in § 1404(a) while also giving weight to plaintiff's choice of forum. These factors include convenience of the parties, convenience of the witnesses and the interests of justice.

### 1. *Plaintiff's Choice of Forum*

■■■ Under the common law doctrine of forum non conveniens the plaintiff's choice of forum was entitled to considerable weight. However, since the enactment of § 1404(a), the significance of plaintiff's choice of forum has diminished. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955); *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. at 1050. Moreover, where the forum lacks any significant contact with the underlying cause of action, the value of the plaintiff's choice of forum is reduced further. *Cunningham v. Cunningham*, 477 F.Supp. 632, 634 (N.D.Ill.1979). In such a case, the plaintiff's choice of forum becomes just one of the many factors utilized by the Court in making its determination of convenience. *General Signal Corp. v. Western Electric Co.*, 362 F.Supp. 878, 880 (N.D.Ill.1973).

In the instant case, the question of where the promissory note was executed is in dispute. Plaintiff contends that the note was received, signed, executed and delivered in the law offices of Sidley & Austin in Chicago, Illinois. Defendant contends that the note was executed in the State of Colorado. Furthermore, the defendant argues that all of the underlying transactions giving rise to the execution of the promissory note occurred in Colorado.

The principal obligor of the note is The Pomegranate Corporation, a Colorado corporation, and both of the co-signors and guarantors are Colorado residents. Each principal involved in the negotiations which gave rise to the note, including the plaintiff, has a residence in Colorado and maintain an interest in a business there. Moreover, all the entities involved in the transactions between the parties, including The Pomegranate Corporation, Number One Main Corporation, and Number Two Main Corporation, are all Colorado corporations licensed to do business there.

The Court agrees with the defendant that the plaintiff's claim of failure to fulfill the obligations connected with a promissory note rests on a question of the note's formation and execution. This execution occurred for the most part during negotiations in Colorado. For these reasons, Illinois is not conclusively where the cause of action arose and, therefore, plaintiff's choice of forum will be given equal consideration along with the other factors which must be considered under § 1404.

### 2. *Convenience of the Parties and Witnesses*

The convenience of both the parties and witnesses is specifically pointed to under § 1404(a) as factors to be analyzed by the Court when deciding on a motion to transfer. The facts presented in this case indicate that the inconvenience to the parties is not equivalent if this action remains here. The plaintiff has a residence in and owns or has an interest in a business which is located in Aspen, Colorado. The defendant, however, does not have any similar contacts with the State of Illinois. The expense incurred and the inconvenience suffered by the parties is not equivalent when considering the contact the parties have to the districts. Plaintiff's inconvenience if this action is transferred to the District of Colorado is outweighed by defendant's inconvenience if this action remains here.

■■■ In analyzing the convenience of witnesses, the Court must look at the period of time the witnesses will be away from their jobs and the expenses incurred for the witnesses. Moreover, this Court must con-

sider the quality of testimony of the witnesses in the case and the number of potential witnesses in the transferor and transferee districts. *Midwest Precision Services v. PTM Industries,* 574 F.Supp. 657, 659 (N.D.Ill.1983). In considering the attendance of willing and unwilling witnesses, it appears clear from the facts that the significant underlying transactions giving rise to the execution of the promissory note occurred in Colorado and therefore it is the most convenient forum for all the witnesses involved.

The three principals in the negotiations for the Pomegranate Inn are from Colorado. Ludwig J. Czerhat, who executed the promissory note as President of The Pomegranate Corporation and who is also a co-signor and guarantor, was a resident of Colorado at the time of the transactions. Consequently, there is far greater convenience to these witnesses if the action is transferred. Additionally, all corporations involved in any way with the transactions are Colorado corporations and the various properties involved in the transactions between the parties, including the Pomegranate Inn and the Plum Tree, are located at or near Aspen, Colorado. Consequently, the ability of obtaining unwilling witnesses, as well as documents, to the negotiations is enhanced by the transfer of this action to a district court with the power to compel their appearance. In contrast, the plaintiff argues that he may only call as witnesses his attorney and his secretary, both of whom reside in Chicago, Illinois.

On balance, considering the number of witnesses, the testimony regarding the negotiations and the documentation of the transactions, the Court finds that the convenience of the witnesses would best be served by the transfer of this case to the District of Colorado.

### 3. *Interest of Justice*

The Court concludes that the final factor to be considered under § 1404(a) supports transfer to the District of Colorado. Under Illinois conflict of law principles, the law of the state in which a promissory note is executed and delivered is the

applicable law. *Shircliff v. Dixie Drive-In Theatre, Inc.,* 7 Ill.App.2d 370, 129 N.E.2d 346 (3d Dist.1955). While the question of the execution and delivery of the promissory note remains disputed, the significant transactions underlying the note's execution took place in Colorado. Therefore, the corporate transactions and the obligations under the promissory note may involve a question of Colorado law. These facts make transfer of the action appropriate. This is not because Illinois law is uncertain in this area, but rather because issues of local law are best construed by courts most familiar with them. *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. at 1052.

For the reasons stated above, the defendant's motion to transfer is granted.

IT IS SO ORDERED.