MILLSTADT DRILLING, INC., Plaintiff-Appellee, v. SOUTHERN ILLINOIS EXPLORATION COMPANY *et al.*, Defendants-Appellants.

Fifth District  No. 5—84—0485

Opinion filed July 12, 1985.

Francis L. Ruppert and Terrance L. Farris, both of Ruppert & Benjamin, of Clayton, Missouri, for appellants.

Terry L. Peebles, of Cahokia, for appellee.

JUSTICE KARNS delivered the opinion of the court:

This appeal involves two consolidated actions brought in the circuit court of St. Clair County by Millstadt Drilling, Inc., to recover monies expended in providing oil well equipment and services to Southern Illinois Exploration Company, Inc. (S.I.X.). In cause No. 83—L—499, plaintiff was awarded $38,354.88 against the corporate defendant, $10,000 of which the court held defendants Charles Brymer and William Patterson, corporate president and secretary-treasurer, individually responsible. In cause No. 83—LM—1830, plaintiff was awarded $6,000 against defendant Charles Brymer, d/b/a Brymer Insurance and Real Estate, this too representing individual liability on a check given plaintiff in partial payment of the same account on which judgment was entered against S.I.X.

All defendants have appealed. S.I.X. contends that the trial court erred in entering judgment against S.I.X. because there was no proof of an account stated and no evidence of the reasonable value of equipment and services provided. The individual defendants contend that the court erred in finding them individually liable for the amounts above, the first judgment resulting from a check drawn on the corporate account and signed by Brymer and Patterson in their representative capacity, and the second judgment based on a check drawn on the account of Brymer Insurance and Real Estate and signed by Brymer, both of which checks were subsequently dishonored when presented for payment because of insufficient funds.

■■ We find no merit in the argument made by S.I.X. regarding the proof. The evidence established beyond doubt that from February 14, 1983, through April 28, 1983, Millstadt Drilling furnished certain services and equipment pursuant to an oral contract for which it billed S.I.X. a total of $41,384.88. Each invoice comprising the total amount was submitted as an exhibit and supported by testimony regarding what it purported to establish, namely, the value of services and equipment provided. The corporate defendant was afforded ample opportunity to cross-examine the plaintiff's principal witnesses or to otherwise discredit the alleged charges due. In fact, the trial court made several adjustments to the account alleged in the amended complaint to be due. These included deductions for approximately 207 feet of casing pipe, a salt-water injection-well booster pump and a 15% markup credit for items listed in four invoice exhibits. The initial claim of $41,384.88 was reduced to $38,354.88.

■■ Defendant S.I.X.'s argument here that plaintiff failed in its

burden of proof because it failed to establish the reasonableness of the charges cannot prevail. Aside from being an unsupported assertion, plaintiff's principal witness, Don Dohrman, testified that his agreement with S.I.X. was that Millstadt Drilling was to be paid as the work was completed and that he had done business with S.I.X. for a year and a half, during which time his customary course of business permitted Millstadt Drilling to charge a 15% margin. In short, defendant did not contest the reasonableness of those charges established as compensable; hence, there is no basis for it to assert the same here. The amount awarded is well within the proof submitted.

Regarding the imposition of individual liability for the amounts represented by the dishonored checks, the only indication of the trial court's reasoning appears in the written judgment order wherein the court stated that the individuals "by their actions and by the evidence" are personally responsible. The evidence reveals that the two checks were issued under different circumstances. Because of this, it is necessary to evaluate the consolidated causes separately.

In cause No. 83—L—499, plaintiff in count II of its amended complaint alleged the drawing of the $10,000 check by Brymer and Patterson on the corporate account of S.I.X. to the order of "Millstadt Drilling Company." In fact, the check was drawn payable to the order of "Millstadt Welding" and indorsed by "Millstadt Welding Service." Plaintiff further alleged its lawful possession thereof, its due presentment for payment and the bank's failure to pay. Plaintiff concluded this count by demanding judgment against the defendants for the sum of $10,000 plus interest from April 27, 1983.

Similarly, in cause No. 83—LM—1830, plaintiff alleged the drawing of the $6,000 check on the account of Brymer Insurance and Real Estate to the order of Millstadt Drilling. That check was indorsed by Millstadt Drilling. Plaintiff likewise further alleged its lawful possession thereof, its due presentment for payment, and the bank's failure to pay. Plaintiff concluded its complaint by demanding judgment against Charles Brymer, d/b/a Brymer Insurance and Real Estate, for the sum of $6,000 plus interest from April 21, 1983.

The individual defendants base their defense on section 3—403 of the Uniform Commercial Code (Ill. Rev. Stat. 1983, ch. 26, par. 3—403). That section provides:

"(2) An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."

■ According to the code comment (Ill. Ann. Stat., ch. 26, par. 3—403, Illinois Code Comment, paragraph (b), at 222 (Smith-Hurd 1963)), this provision derives from section 20 of the Negotiable Instrument Law and is in accord with it. Defendant argues, and plaintiff conceded, that the $10,000 check obviously signed by Brymer and Patterson in a representative capacity would impose no personal liability on Brymer or Patterson in accord with the rule set forth in section 3—403 and the interpretation of former section 20 of the Negotiable Instrument Law. (See, *e.g. Smith v. Reisch* (1946), 329 Ill. App. 45, 67 N.E.2d 304; a person signing in a representative capacity, even though principal is not a corporate entity, is not subject to personal liability.) Parol evidence is admissible to show that the person against whom individual liability is asserted signed the instrument in a representative capacity in an action between immediate parties to the instrument. *J. P. Sivertson & Co. v. Lolmaugh* (1978), 63 Ill. App. 3d 724, 380 N.E.2d 520.

However, as to Brymer, the application of the code rule is not free from doubt. While plaintiff acknowledges that Brymer's check was given in payment of the obligation of S.I.X., the check appears to be given by Brymer in his individual capacity; although, there is some suggestion, unsupported in the record, that "Brymer Insurance and Real Estate" is a corporation. But if so, it was not made a defendant, and in the pleadings the corporate existence was never alleged.

It may be that parol evidence could have been excluded to show the purpose for which the Brymer check was given, as this instrument does not suggest on its face that Brymer signed in a representative capacity. *Schwarzwalder v. Waitkoss* (1981), 101 Ill. App. 3d 337, 340-41, 428 N.E.2d 633, 636, states the rule as follows:

"Section 3—403 incorporates the common law rule which provided that unless there is something on the face of an instrument or in the manner of its signature so as to create ambiguity or uncertainty, parol evidence is inadmissible to alter the

presumption that a person signing the instrument is personally liable thereon. For this reason, section 3—403(2)(a) makes no provision for the admission of parol evidence where the instrument neither names the person represented nor shows that the signator signed in a representative capacity. However, where the note either names the representative but fails to disclose his representative capacity or where the signator signs a representative capacity but fails to disclose the identity of the principal, section 3—403(2)(b) admits parol evidence to overcome the presumption that the signator signed the note in his individual capacity only, but only where the action is between the immediate or original parties to the note."

No objection was made, however, to the introduction of parol evidence and plaintiff's president, Dohrman, testified that the check was given and accepted in payment for services rendered to S.I.X.

■ Plaintiff, in responding to defendants' argument that individual liability should not attach under these circumstances, states that the issue in this case is based on the wrongful conduct of the individuals, Brymer and Patterson in one cause and Brymer in the other. Plaintiff further asserts that the record contains no proof that S.I.X. or Brymer Insurance and Real Estate authorized a violation of the Illinois criminal laws on "either corporation's" behalf, citing section 17—1(B)(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B)(d)); although the record suggests, as we have noted, that Brymer Insurance and Real Estate is not a corporation. But as defendants point out, plaintiff's pleading and proof are deficient. The pleadings in neither of the consolidated causes set forth any facts from which it can reasonably be concluded that deceptive or fraudulent conduct occurred. Fraud was not pleaded as a basis for recovery, nor did plaintiff attempt to amend its pleadings to conform to the proof allegedly adduced. In any event, the proof with regard to cause No. 83—L—499, in our opinion, could not support recovery for plaintiff based upon individual liability. The return of a check for insufficient funds provides scant proof to support the conclusion that the drawer acted intentionally to defraud the payee. Yet, as to the corporate check, the plaintiff's proof provided little more than that fact. Don Dohrman testified that he accepted the check as payment for the bills owed by S.I.X. to Millstadt Drilling. It is also evident that Dohrman knew that Brymer and Patterson were acting as representatives of their disclosed principal, S.I.X. Quite plainly, plaintiff's proof cannot support a judgment imposing personal liability for a corporate obligation. To so hold the individual defendants liable, absent sufficient

proof of fraud or deceit, would abrogate the well-established concept of personal insulation of individual officers from corporate debts.

■ The circumstances surrounding payment in cause No. 83—LM—1830 present a different situation. There, although as noted the pleading is deficient, the proof tended to establish conflicting accounts. Brymer testified that he knew there were insufficient funds in the account when the check was drawn and that he told this to Dohrman. The check, he testified, was delivered to Dohrman "as a favor" to Dohrman, whose friend needed funds to cover an account at some bank in Columbia, Illinois. Brymer testified that he did not intend that this check be payment for money owed to Millstadt Drilling.

Conversely, Dohrman testified that the check represented payment on the account, the balance that S.I.X. owed Millstadt Drilling, and that Brymer never told him there was not enough money in the account to cover that amount. Dohrman testified that he told Brymer that Millstadt Drilling would not perform further work unless he got some money for prior work performed. Dohrman further testified that Brymer said that he did not have a check from S.I.X. so he wrote one out of the Brymer Insurance and Real Estate account. Based upon this payment, Millstadt Drilling performed additional work, apparently to its detriment.

In construing the identical provisions of the Uniform Commercial Code, the Court of Appeals of New York, in *Rotuba Extruders, Inc. v. Ceppos* (1978), 46 N.Y.2d 223, 385 N.E.2d 1068, citing cases from several jurisdictions that have adopted the Uniform Commercial Code, stated that extrinsic proof is impermissible to show that the person signing a negotiable instrument signed in a representative capacity when the holder, even if an immediate party, is not put on notice of this possibility by something appearing on the face of the instrument. If so, a contrary agreement or understanding may be established between the immediate parties. In other words, proof is permitted that personal liability of the signer was not intended. Such proof must be more than the self-serving allegation of subjective intent, and the burden of proof to establish such an understanding or agreement is on the signer. This case has been cited with approval as expressing the Illinois law. See, *e.g., Schwarzwalder v. Waitkoss* (1981), 101 Ill. App. 3d 337, 428 N.E.2d 633.

Here, Brymer neither alleged nor offered proof of the mutual understanding or agreement of the parties. Brymer's testimony that there was no money in the account would be no defense under the Uniform Commercial Code. Nor would his other testimony, which the court apparently disbelieved, that the check was given to some way

assist a friend of Dohrman, be a defense. In fact, our search of the record fails to reveal that Brymer filed an answer or affirmative defense to the complaint which was, as we have noted, simply an action on the instrument. As we have noted, the reasoning of the trial court is not revealed by its judgment order, which stated simply that "by their actions and by the evidence" the individual defendants were personally liable. It does not appear that it considered the evidence under section 3—403(2)(b) as to the mutual understanding of the parties.

Although the position of plaintiff on appeal is to support the trial court's judgment because of "constructive" fraud, the proof does not support this theory of liability. It does not appear that the trial court considered Brymer's potential individual liability under the rule expressed in section 3—403 of the Uniform Commercial Code. Accordingly, the judgment in cause No. 83—LM—1830 is reversed and the cause is remanded for retrial on application of the law as expressed herein. The judgment against S.I.X. in cause No. 83—L—499 is affirmed, and the judgment imposing personal liability on Patterson and Brymer for $10,000 in cause No. 83—L—499 is reversed.

Affirmed in part; reversed in part and remanded with directions.

WELCH and HARRISON, JJ., concur.